(No. 14820.—Reversed and remanded.)

Charles Pope, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Emilie Wesse, Defendant in Error.)

*Opinion filed December 19, 1922.*

Workmen's compensation—*when finding of total dependency is not supported by evidence.* An award based on total dependency of a mother upon her son, who was killed in the course of his employment, is not supported by the evidence, where it is proved that she had a home worth $4000, $800 cash and $1000 insurance from the death of her husband, which occurred a few months prior to the son's death.

Writ of Error to the Circuit Court of Cook county; the Hon. Frank Johnston, Jr., Judge, presiding.

Moloney & Postelnek, for plaintiff in error.

Ninian H. Welch, for defendant in error.

Mr. Justice Dunn delivered the opinion of the court:

The Industrial Commission made an award in favor of Emilie Wesse of $3500, compensation for the death of Oscar Wesse, her son, on October 31, 1919, while in the employ of the plaintiff in error, Charles Pope. A similar award finding the mother to be totally dependent upon the deceased at the time of his death had been previously made but was reversed by the circuit court of Cook county, which remanded the cause to the Industrial Commission for further proceedings to establish the percentage of dependency. Upon such further proceedings the Industrial Commission again entered an award based upon total dependency, which upon petition of the employer, Pope, was reviewed by the circuit court and was confirmed, and a writ of error has been awarded to review the record.

The only question in controversy is the question of dependency. The father of the deceased had died in July preceding the latter's death, leaving his widow, the mother of

the deceased, surviving. He left to her the house in which they lived, worth $4000, and another house, which she sold before her son's death for $1900. She paid and was liable for debts to the amount of all but $800 of the proceeds of this sale. She also received after her husband's death $1000 insurance on his life. After her husband's death she received no rents from the house in which they had lived, which had a rental value of from $22.50 to $25 a month, but she lived in that house with her son, Oscar, her married daughter and son-in-law, and a girl relative about twelve years old. Her daughter and son-in-law paid her $40 a month for their room and board and the daughter did most of the work, which was worth $10 a month. The father of the little girl paid $12 a month for her board, and Oscar paid $12 a week and sometimes $15.

There is no basis in the evidence for an award to the mother based upon her total dependency upon the earnings of the deceased. She had the house worth $4000, $1000 received from her husband's life insurance, and $800, the proceeds of the sale of the other house after deducting the debts which she had paid and was liable for. It may be that the income received from her daughter and son-in-law and the little girl boarded was not worth more than the cost of what she furnished them, but the rental value of the house and the money which she had must be regarded as a part of her means of support. So long as she was provided with a home to live in and money with which to pay a part of her expenses she cannot be regarded as wholly dependent upon the earnings of her son. The evidence would have justified a finding by the commission of partial dependency and an award based upon the proposition of such partial dependency to total dependency, or, in case the proportion of dependency cannot be determined, upon the provision of the statute as to a minimum award.

The judgment will be reversed and the cause remanded to the circuit court, with directions to set aside the award

and remand the cause to the Industrial Commission, with directions to determine the proportion of the dependency, hearing further evidence should either party desire to offer any, and if the proportion of the dependency cannot be determined from the evidence, to make an award of $1650, payable as directed by the statute.

*Reversed and remanded, with directions.*