(No. 16055.—Judgment affirmed.)

The General Construction Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Charles Smith, Defendant in Error.)

*Opinion filed October 28, 1924.*

1. Workmen's compensation—*application is in nature of pleading and should be consistent with finding of commission.* The Compensation act does not prescribe the character of pleading but it recognizes the right of a party to file an application or document in the nature of a pleading, which becomes a part of the record and should be consistent with the findings of the commission in making its award.

2. Same—*parties may, by stipulation, waive certain questions of evidence.* Regardless of what the application and evidence may show, the parties may, by stipulation, waive conflicts between them, or even the necessity for evidence, and agree that certain questions, only, shall be determined.

3. Same—*what determines whether employment is prohibited under Child Labor law.* The Child Labor law does not exclude a boy under sixteen from every kind of employment but chiefly from such as requires the operation of machinery or such as the Department of Labor finds to be dangerous to life or limb, and the test of the application of the law is not whether the place of employment contains machinery, but whether the actual work is connected with the operation of machinery or is otherwise dangerous.

4. Same—*when stipulation waives question of legality of employment.* The Compensation act does not authorize compensation for injuries suffered by a minor illegally employed, but a stipulation by the parties that they are under the Compensation act obviates the necessity of showing that the employee's work was legal under that act and the Child Labor law; and the contention that the employment was illegal and that the commission was without jurisdiction is not open to consideration, as the commission has general jurisdiction of compensation cases.

5. Same—*when award is justified on ground of partial dependency.* An award of compensation to a father for the death of his minor son is justified on the ground of partial dependency, where the evidence shows that the son gave a part of his earnings to his father and the money was applied towards their living expenses, that they were the only members of the family, and that the father's income was small.

6. SAME—*what determines whether partial dependency exists.* Partial dependency may exist even though the claimant could have subsisted without the decedent's contributions, the test being whether the contributions were relied upon by the dependent for his means of living as determined by his position in life.

7. SAME—*when court will not interfere with finding on question of dependency.* Dependency and its extent are questions of fact, and the Supreme Court will not interfere with the finding of the Industrial Commission on those questions if there is evidence to sustain the finding.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

JOHN W. FREELS, for plaintiff in error.

W. J. MACDONALD, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Charles Smith made an application to the Industrial Commission for compensation by the General Construction Company, the plaintiff in error, for an accident which resulted in the death of his son, Virgil Smith.

It was stipulated before the arbitrator that on August 11, 1922, Virgil Smith was in the employ of plaintiff in error; that both parties were under the provisions of the Workmen's Compensation act; that on that day Virgil sustained an accidental injury arising out of and in the course of his employment, of which injury notice was given within thirty days and on account of which a demand for compensation was made within the time required by the statute; that the wages of Virgil for the year preceding the accident were $1050, or $20.18 weekly, and that the only questions to be determined were whether the applicant was entitled to compensation for medical and surgical services rendered, and whether Virgil left surviving him any person or persons entitled to compensation, and the amount of such compensation. The arbitrator found that

the decedent left his father, Charles Smith, the only per-
son dependent upon his earnings for support; that such
dependency was one-fifth of total dependency; that because
the injuries were fatal the father was entitled to $10.09
weekly for 163½ weeks, as provided in paragraph (c) of
section 7 of the act; that the applicant was then entitled
to $86.48, the compensation accrued from August 12 to
October 10, 1922, and to $418 for first aid, medical, surgi-
cal and hospital services, as provided in paragraph (a) of
section 8, and that the remainder of the compensation should
be paid in weekly installments, beginning one week from
the date last mentioned. The Industrial Commission af-
firmed the arbitrator's award. On review the circuit court
quashed the writ of *certiorari* and sustained the award of
the Industrial Commission. The case has been brought to
this court by writ of error.

The decedent, Virgil Smith, at the time of the accident
was fifteen years and eleven months of age and lived with
his father. He gave his wages,—to the extent, at least, of
meeting the cost of his board and lodging,—to his father
to apply on the expense of maintaining the home. Prior
to the employment in question he had attended school.
Shortly after his injury he was taken to a hospital, where
an operation was performed, but he died in a few hours.
At the time of the son's death the father was engaged in
the trucking business but when the hearing occurred he
worked in a coal mine.

It is not clear that Virgil Smith had obtained the statu-
tory certificate permitting the employment of a minor un-
der sixteen years. The father testified that he believed his
son had asked for a permit a day or two before school
closed, but he did not remember whether one had been is-
sued. When this fact was adduced on review before the
Industrial Commission, the plaintiff in error moved to dis-
miss the petition on the ground that the boy was engaged
in an illegal employment as defined in the Child Labor and

Workmen's Compensation acts. The motion was continued, and the decision of the commission later was, in effect, a denial of the motion.

The plaintiff in error contends (1) that Virgil Smith was employed in an extra-hazardous occupation; (2) that he had not yet attained the minimum age to be so employed; (3) that in consequence the Industrial Commission had no authority or jurisdiction to hear and determine the claim for compensation; (4) that despite the stipulation it may question the illegality of the employment and want of jurisdiction; and (5) that in any event the finding of the dependency of the father was not supported by the evidence.

Supporting its contention that Virgil Smith was engaged in an extra-hazardous occupation, the plaintiff in error cites the following statement in the application for adjustment of claim: "Nature of work upon which injured was engaged at time of accident and how caused: Swinging derrick by engine, derrick fell over and part of the derrick called stiff-leg hit boy, causing his death." The employment of Virgil at the time he was injured is not more definitely shown. The Compensation act does not prescribe the character of pleading, but it recognizes the right of a party to file a document in the nature of a pleading, which becomes a part of the record and should be consistent with the findings of the commission in making its award. (*Garden City Foundry Co.* v. *Industrial Com.* 307 Ill. 76.) Regardless of what the application and evidence may show, the parties, by stipulation, may waive conflicts between them, or even the necessity for evidence, and agree that certain questions, only, shall be determined. *Indian Hill Club* v. *Industrial Com.* 309 Ill. 271.

The evidence shows that Virgil Smith at the time of his injury and death was under sixteen years of age. The Child Labor law does not exclude a boy of his age from every kind of employment, but chiefly from such as require the operation of machinery or such as the Department of

Labor finds to be dangerous to life or limb. The use of machinery by the plaintiff in error may have brought the parties within the provisions of the Workmen's Compensation act, (*Ascher Bros.* v. *Industrial Com.* 311 Ill. 258,) but the test of the application of the Child Labor law is not whether the place of employment contains machinery, but whether the actual work is connected with the operation of machinery or is otherwise dangerous. *Messmer* v. *Industrial Board,* 282 Ill. 562; *Roszek* v. *Bauerle & Stark Co.* 282 id. 557.

The plaintiff in error would not be liable to pay compensation under the act for injuries suffered by a minor illegally employed, for in that event the employee would not be embraced within its provisions, (*Roszek* v. *Bauerle & Stark Co. supra,*) but it was expressly stipulated that both parties were under the Compensation act and that the injury arose out of and in the course of Virgil Smith's employment. Plaintiff in error is in the anomalous position of questioning the legality of Virgil's employment after having stipulated facts which gave the Industrial Commission jurisdiction, and reserving only the questions of dependency and compensation for medical and surgical services. The stipulation obviated the necessity of showing that the employee's work was legal under the Workmen's Compensation and Child Labor laws. The Industrial Commission has jurisdiction of this class of cases. (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462.) This court acts upon the record before it. The parties agreed that they were under the Workmen's Compensation act, and the contention of the plaintiff in error to the contrary is not open to consideration. (*Indian Hill Club* v. *Industrial Com. supra.*) The motion to dismiss the application was properly denied.

On the question of dependency the father testified that his average wages were $3.50 per day, or slightly in excess of $20 per week. His rent was $10 per month. He had neither property nor any additional source of income. At

the time of the accident the father and son were the only members of the family. The boy gave part of his earnings to his father and the money was applied towards their living expenses. The parent's income, their mode of living and the application of the boy's earnings, at least partially, to the maintenance of the home were of such a character as to justify an award on the ground of partial dependency. Partial dependency may exist even though the claimant could have subsisted without the decedent's contributions. The test is whether the contributions were relied on by the dependent for his means of living as determined by his position in life. (*Richardson Sand Co.* v. *Industrial Com.* 296 Ill. 335; *Rockford Cabinet Co.* v. *Industrial Com.* 295 id. 332.) In *Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 303 Ill. 540, we said (p. 543): "A child contributes to the support of its parents, within the meaning of the Compensation act, when it contributes a substantial sum to the support of the family, although this sum is less than the actual cost of its support and maintenance, where the child is a minor or is in a condition to demand legal support from its parent." Dependency and its extent are questions of fact, and this court will not interfere with the finding of the commission on those questions if there is evidence to sustain its finding. (*Richardson Sand Co.* v. *Industrial Com. supra.*) The minimum compensation under paragraph (*c*) of section 7 of the act (Smith's Stat. 1923, p. 980,) was allowed. The award is supported by the evidence.

The impropriety of allowing compensation for medical and surgical services was urged on the hearing before the arbitrator but the point is not raised here, hence it need not be considered.

We find no error in the record. The judgment of the circuit court will be affirmed.   *Judgment affirmed.*