(No. 16225.—Reversed and remanded.)
THE CONSUMERS COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HAROLD P. LINDAHL, Defendant in Error.)

*Opinion filed February 17, 1925.*

1. WORKMEN'S COMPENSATION—*statement of claim should be consistent with the findings.* The charge or statement of claim for compensation and the findings of the commission in making an award should be consistent, as the statement is in the nature of a pleading, which, when filed, becomes a part of the record.

2. SAME—*rules of evidence and burden of proof are the same as in common law actions.* The rules with reference to the admission of evidence and the burden of proof in compensation cases are the same as in common law actions for personal injuries.

3. SAME—*cause may be remanded for amendment of the application.* The application for compensation becomes a part of the record and is subject to review, and where a statement in the application is not in accord with the finding of the Industrial Commission the cause may be remanded to the commission for further proceedings should the applicant desire to make an amendment, in which case additional proof may be offered by either party.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

McKINLEY & SCHMAUCH, (W. W. SCHMAUCH, of counsel,) for plaintiff in error.

GEORGE L. REKER, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Harold P. Lindahl filed with the Industrial Commission a claim for compensation against the Consumers Company, in which he set forth that on January 17, 1923, he was injured in an accident arising out of and in the course of his employment by that company in its yard at Belmont

avenue and Herndon street, in Chicago, while "unloading coal from cars."

Lindahl was twenty-two years of age at the time of the accident. He had worked in the yard where the accident occurred only three days. Prior to that time he had been employed by the Consumers Company in another yard. On January 16, 1923, he and one Pierson began unloading a car of coke under instructions from the yard foreman and completed the work at about one o'clock in the afternoon of January 17. Pierson received the compensation for unloading the car and the money was divided between them. The evidence is not in harmony as to what was done immediately after the coke had been unloaded. Lindahl testified that he first ate a sandwich in a small shanty and then went to the yard foreman, who inquired of him whether he desired to work in the yard, and he answered that he did. He was told by the foreman to assist a certain workman in loading a wagon with bags of coal. Lindahl performed this work, which occupied about twenty minutes, and then, because it was very cold, went back to the shanty to warm himself. When he emerged from the shanty he did not go to the company's office or seek the foreman but walked over to certain men who were attempting to move a forty-ton box-car by the use of a jack. They failed, and a motor truck was obtained for the purpose of pushing the car. Lindahl went to the assistance of these men and placed a block against the car. The truck was then backed against the block with considerable force, the block slipped, and Lindahl's left arm was caught between the car and the truck and was crushed. He called to the driver of the truck, who backed away from the car. Lindahl was taken to a drug store, then to a hospital, where he remained six weeks, and finally to his home, where he was attended by a physician for eight weeks. The arm was amputated above the elbow.

Tom Hallaron, a witness for Lindahl, testified that on an occasion when he met Francis, the yard foreman, in a

315—38

saloon, the latter, in answer to a question, said he had told Lindahl to work in the yard on the afternoon when the accident occurred.

William M. Francis, the yard foreman, called by the company, testified that when Lindahl and Pierson finished unloading the car of coke he asked Lindahl whether he would work the rest of the day at yard labor and that Lindahl said he would; that witness then told Lindahl to go back in the shed and help the dealers fill up bags of coal; that Lindahl left and came back in about fifteen or twenty minutes, said he was ill, and asked if he could obtain his money for unloading the coke; that this request angered the witness because he was short of help, and that he told Lindahl "to get his money and get out;" that he did not see Lindahl again, and that no money was ever paid him nor did he ever ask for compensation for labor performed in the yard on that day. The foreman further testified that he was the only person who hired the help and kept the time of the workmen; that the unloading of each car constituted a separate hiring; that it would not have been a part of Lindahl's duties, even if he had been a yard laborer all that afternoon, to assist in moving the car, but that it was the duty of the men who had the contract to unload a particular car to move it if a change of its location became necessary.

Arthur N. Kiley, a shipping clerk for the company, testified that Lindahl came to him about noon of the day of the accident, requested payment for his work in unloading the car of coke, and stated that he was going home because he was ill; that Pierson also came about the same time; that the compensation of both for unloading the car was computed to be $10.20, which was paid; that he (Kiley) asked Lindahl to remain during the afternoon, but he replied that he could not and that he was going home.

Lindahl, recalled in his own behalf, admitted that he told Francis, the foreman, that he was sick, but that he

did not believe he told him that he was going home. The accident occurred about 4:30 o'clock in the afternoon.

The arbitrator found that the parties at the time of the accident were operating under the Workmen's Compensation act; that the injury arose out of and in the course of Lindahl's employment; that his earnings during the year preceding the injury were $1248, or $24 weekly; that first aid, medical, surgical and hospital services had not been furnished by the company, and that Lindahl was entitled to $12 per week for 12 weeks, the period of temporary total incapacity, to $12 per week for 200 weeks because the injury caused the loss of the left arm, and to $278 for medical and hospital services. On review the Industrial Commission affirmed the findings and award of the arbitrator. The case was removed to the circuit court by writ of *certiorari,* and that court affirmed the decision of the Industrial Commission. The case is now here for review on writ of error granted on the petition of the company.

It was stipulated that the plaintiff in error operated under the Workmen's Compensation act and that there was notice of the accident and demand for compensation. The plaintiff in error contends, however, that the injury which Lindahl suffered neither arose out of nor in the course of his employment.

The claim of Lindahl is based upon the testimony of himself and the witness Hallaron. Opposed to their testimony is that offered by the yard foreman and the shipping clerk of the plaintiff in error. But the question here involved is not wholly one of fact. The allegation in the application or statement of claim is that Lindahl was injured "while unloading coal from cars." The Workmen's Compensation act does not prescribe the character of pleading in cases under the act, but it recognizes the right of a party to file a document in the nature of a pleading, which, when filed, becomes a part of the record. The charge or statement of the claim and the findings of the commission

in making the award should be consistent. (*General Construction Co.* v. *Industrial Com.* 314 Ill. 58; *Garden City Foundry Co.* v. *Industrial Com.* 307 id. 76.) Upon the testimony in the record Lindahl was not engaged in unloading coal at the time of his injury. If he continued in the employ of the plaintiff in error after unloading the car of coke it was in what was known as yard work or labor, which was entirely distinct from that of unloading coal or coke. The unloading of each car constituted a separate hiring, and Lindahl had not, either alone or with some other person, entered into a new contract for the unloading of another car. Yard labor was paid by the day, while unloading coal was compensated by the car or ton. These employments, the record shows, were treated as separate and distinct. The rules with reference to the admission of evidence and the burden of proof are the same in compensation cases as in common law actions for personal injuries. (*Inland Rubber Co.* v. *Industrial Com.* 309 Ill. 43.) The defendant in error has not sustained the burden which rests upon him. He has failed to show any liability under the allegations of his application for compensation. The application becomes a part of the record and is subject to review. This court may direct that the application should be amended if upon remandment any further proceedings are to be had under it. (*Garden City Foundry Co.* v. *Industrial Com. supra.*) If the defendant in error shall see fit to amend his application, additional proof may be offered by either party.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to remand the cause to the commission for further proceedings if the defendant in error shall be so advised.

*Reversed and remanded, with directions.*