(No. 16909.—Reversed and remanded.)
BAUER & BLACK, Plaintiff in Error, *vs.* THE INDUSTRIAL
 COMMISSION *et al.*—(PAUL LASKOWSKI *et al.* Defend-
 ants in Error.)

*Opinion filed June 16, 1926.*

1. WORKMEN'S COMPENSATION—*dependency is a question of fact, to be established by applicant.* A mere showing of parentage or lineal relationship raises no presumption of dependency, but whether there is dependency under paragraph (*c*) of section 7 of the Compensation act is a question of fact, to be established by the applicant.

2. SAME—*meaning of the word "dependency."* The word "dependency" implies a present existing relation between two persons where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life.

3. SAME—*what determines partial dependency.* While partial dependency may exist even though the evidence shows the claimant could have subsisted without the contributions of the deceased and it is not necessary to show that the claimant would have been without the necessities of life or that he was without other means of support, the test is whether the contributions were relied upon by the claimant for his means of living, judging by his position in life, and whether he was to a substantial degree supported thereby.

4. SAME—*when award on ground of partial dependency is not justified.* An award must be based upon facts in evidence and can not rest upon conjecture, speculation or surmise, and where the conclusion that there was no partial dependency of the claimants upon the deceased employee is as consistent with the evidence as that the employee contributed to the support of the claimants the evidence is not sufficient to establish partial dependency and an award of compensation on that ground is not justified.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HARRY M. FISHER, Judge, presiding.

THOMAS C. ANGERSTEIN, and G. A. BRUEGGER, for plaintiff in error.

ROBERT F. BRADBURN, for defendants in error.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

Jennie Lasky, also known as Jennie Laskowski, died on May 24, 1923, as the result of an explosion which occurred in the plant of Bauer & Black, her employer. Paul Laskowski and Frances Laskowski, her parents, claimed partial dependency upon her earnings, and on February 13, 1924, filed with the Industrial Commission an application for the adjustment of that claim. On the hearing before the arbitrator it was agreed that the relation of employer and employee existed; that both parties were under the provisions of the Workmen's Compensation act, and that the average weekly wage of the decedent during the year prior to her death was $13.44. The arbitrator awarded $150 for funeral expenses but denied other compensation. The commission, by its decision, confirmed the award. On review by writ of *certiorari* the circuit court of Cook county set aside the award and made a finding that the applicants were partially dependent upon the decedent and ordered that the employer pay them $1650,—the minimum fixed by paragraph (*c*) of section 7 of the Workmen's Compensation act.

The only question in dispute is whether partial dependency of the parents on the earnings of the deceased daughter was shown. Paul Laskowski's family consisted of himself and wife, three adult sons, William, Bernard and Barney, and three adult daughters,—Jennie, the decedent, Hattie and Tillie. The family resided at 8812 Escanaba avenue, Chicago, in a two-story frame building owned by the father. The family occupied the first floor and the second was let to a tenant, but the rental paid does not appear. At the time of his daughter's death the father was sixty-four years of age and was not employed but received a pension of $25.23 per month from his former employer. The sons, William, Bernard and Barney, were bachelors, and each paid his mother $10 per week for board and room. The

daughters Hattie and Tillie also paid their mother for their board and lodging, the former from five to seven dollars and the latter six dollars per week. Jennie was twenty-eight years of age and about a month before her death moved to 2509 Indiana avenue, Chicago, to be nearer her place of employment. While she resided at home she paid her mother five, and occasionally six, dollars per week for room, board and laundry. After she left she visited her parents at the end of each week and often several times during the week, her washing and mending were still done at home, and she continued to make the same weekly payments to her mother. She wore a fur coat and silk stockings and was well dressed. Her mother testified that the value of room, board and washing for a young woman in her neighborhood was $15 per week.

A mere showing of parentage or lineal relationship raises no presumption of dependency, but whether there is dependency under paragraph (*c*) of section 7 of the act is a question of fact to be established by the applicant. (*Wedron Silica Co.* v. *Industrial Com.* 312 Ill. 118; *Peterson* v. *Industrial Com.* 315 id. 199.) The word "dependency" implies a present existing relation between two persons, where one is sustained by another or looks to or relies on the aid of another for support or for reasonable necessaries consistent with the dependent's position in life. (*Wasson Coal Co.* v. *Industrial Com.* 312 Ill. 241.) Partial dependency may exist even though the evidence shows the claimant could have subsisted without the contributions of the deceased employee. It is not necessary to show that the claimant would have been without the necessities of life or that he was without other means of support. The test is whether the contributions were relied upon by the applicant for his means of living, judging by his position in life, and whether he was to a substantial degree supported by the employee at the time of the latter's death. *General Construction Co.* v. *Industrial Com.* 314 Ill. 58; *Peabody Coal Co.* v. *In-*

*dustrial Com.* 311 id. 338; *Pratt Co.* v. *Industrial Com.* 293 id. 367.

The sources of the applicants' income were the pension, the rental, and the payments by their children for board and lodging. The applicants were under no obligation to support their children, all of whom were adults and were earning their own livelihoods. How much, if anything, the parents required or relied upon for their support above the pension and the rental is not disclosed. The mother testified that in her neighborhood a young woman's board, lodging and washing were reasonably worth $15 per week. Upon that basis, except for the brief period during which the daughter resided on Indiana avenue, her weekly payments to her mother left a deficit and she was a source of expense to her parents rather than a means of their support. The conclusion that there was no partial dependency is as consistent with the evidence as that the daughter contributed to the support of her parents. An award must be based upon facts in evidence and cannot rest upon conjecture, speculation or surmise. (*Madison Coal Corp.* v. *Industrial Com.* 320 Ill. 298; *Springfield District Coal Co.* v. *Industrial Com.* 303 id. 528; *St. Louis Smelting Co.* v. *Industrial Com.* 298 id. 272; *Hafer Washed Coal Co.* v. *Industrial Com.* 293 id. 425.) The evidence does not establish the parents' partial dependency upon the earnings of the deceased daughter.

The judgment of the circuit court is reversed and the cause is remanded to that court, with directions to quash the writ of *certiorari.*

*Reversed and remanded, with directions.*