THE CHICAGO, WILMINGTON AND FRANKLIN COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(LUDISA ODLE, Defendant in Error.)

*Opinion filed February 24, 1928—Rehearing denied April 16, 1928.*

1. WORKMEN'S COMPENSATION—*what is dependency.* Dependency is a present, existing relation between two persons where one is sustained by the other or relies on the aid of the other for his means of living.

2. SAME—*when award on ground of total dependency is not justified.* Partial dependency may exist though the evidence shows the claimant could have subsisted without the contributions of the deceased employee, but it cannot be held that a parent is totally dependent upon a child where the parent has a home in which to live, and in such case an award under paragraph (*b*) of section 7 of the Compensation act for total dependency cannot be sustained without further proof as to such dependency.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. C. H. MILLER, Judge, presiding.

WILLIAMS & LEWIS, for plaintiff in error.

A. C. Lewis, and Roy C. Martin, for defendant in error.

Mr. Justice Thompson delivered the opinion of the court:

This case arises under section 7 of the Workmen's Compensation act. There was an award under paragraph (*b*) on the ground that Ludisa Odle, defendant in error, at the time of the injury resulting in the death of her son, Harry, was totally dependent on him for support, and this award was confirmed by the circuit court of Franklin county. Plaintiff in error admits the minimum liability under paragraph (*c*) and has made compensation payments amounting to $1650. The only question in dispute is the extent of the dependency of defendant in error.

Ludisa Odle was the only witness on the hearing. She was fifty-six years old and was born on an 80-acre farm in Hamilton county, Illinois. She inherited this farm from her father fourteen years ago, and she and her husband lived on the farm and raised their children there. Her husband died in December, 1918, and in 1921 she left the farm and went to work in the State hospital at Anna, Illinois, where she received $45 a month and her room and board. In the summer of 1923 she moved to West Frankfort and began keeping house for her son, Harry, who paid the rent and the grocery bills. They lived together until his death, November 26, 1923. Her farm was worth about $3000, but she received no income from it during 1923. Prior to her employment at Anna she supported herself by the sale of dairy and poultry products from the farm. After her son's death she returned to the farm and is living there now. Since his death she has paid off an $800 mortgage on the farm with insurance money.

The state of dependency is a present, existing relation between two persons where the one is sustained by the other

or relies on the aid of the other for his means of living. (*Bauer & Black* v. *Industrial Com.* 322 Ill. 165.) ` Partial dependency may exist though the evidence shows the claimant could have subsisted without the contributions of the deceased employee, (*Pope* v. *Industrial Com.* 305 Ill. 562; *Richardson Sand Co.* v. *Industrial Com.* 296 id. 335;) but it cannot be held that a parent is totally dependent upon a child where the parent has a home in which to live. (*Pope* v. *Industrial Com. supra.*) The fact that the farm produced no income in 1923 does not justify the conclusion that it will not produce some income if properly managed. The market value of the farm and the amount of income which can be derived from the farm year after year must be taken into consideration in determining the percentage of dependency. The evidence produced on the hearing was barely sufficient to dispose of the case. No court can determine intelligently what judgment ought to be entered until enough evidence is produced to show the percentage of the dependency of defendant in error. It is evident that she was not totally dependent at the time of the injury and no award under paragraph (*b*) of section 7 can be sustained. She is entitled, under paragraph (*c*), to such proportion of a sum equal to four times the annual earnings of her son as the partial dependency bears to total dependency. In this case it appears that it may amount to nearly the sum awarded, but the case must be considered as a case of partial dependency and not of total dependency.

The judgment is reversed and the cause is remanded to the circuit court, with directions to remand the cause to the Industrial Commission for further proceedings.

*Reversed and remanded, with directions.*