(No. 2421—

GLADYS HULBERT, ET AL., Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

*Rehearing denied May 14, 1935.*

D. C. THOMPSON, for claimant, GLADYS HULBERT.

ALVA L. HULBERT, BURRELL M. HULBERT AND HELEN HULBERT, intervening petitioners, pro se.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

468

Mr. Justice Yantis delivered the opinion of the court:

This is one of the claims arising out of the National Guard motor bus fire accident that occurred near Pana, Illinois on the 26th day of July, 1933; being the only one of such claims in which claimant appears by an attorney; all other claimants having filed their claims pro se.

Wilburn Hulbert, from whose death this claim arises, was a member of Howitzer Co. 130th Inf. Ill. National Guard. Immediately prior to the 26th day of July 1933 he had been on actual and active duty at Taylorville, Christian County, Illinois, under orders of the Governor of this State, assisting in restoring peace in a mine strike existing there. On said date said Company, under command of Capt. Edward G. Johnston, was ordered by proper authority to return to its headquarters at Mt. Vernon, Illinois, and at the time of the accident in question, Wilburn Hulbert, with other members of his Company, were being transported in an automobile bus, chartered by the State through its Military Department from the Illinois Terminal Transportation Company.

At a point about four miles northwest of Pana, Illinois the bus caught fire and flames quickly spread throughout the interior of same. Wilburn Hulbert, like several of his comrades, was seriously burned and was compelled, because of the sudden spreading of the flames, to leap from the moving bus. His head, face, body, arms and legs were burned; such burns covering about five-sixths of the surface of his body, and as a result thereof he died the following day, July 27, 1933.

The Military Board of Inquiry found that the injuries received by Wilburn Hulbert were sustained in the line of duty, as a member of said Company, and that such injuries

occurred through no fault or neglect on the part of any officer or enlisted man of the Illinois National Guard.

The young man, at the time of his death, was nineteen years of age, he left no wife nor children, but left as his heirs-at-law—his father, John L. Hulbert; a brother, Alva Hulbert; a brother, Burrell M. Hulbert; and a sister, Helen Hulbert. Alva Hulbert had been married for a number of years and maintained a home for himself and his immediate family. The brother, Burrell Hulbert, was married about the year of 1931 and lived with his wife several months, but was living as a single man at the time of the accident. He also, was a member of the National Guard. Helen Hulbert was a minor and at the time of the accident was residing with her brother, Alva Hulbert. Wilburn Hulbert's mother died about 1926, and on the 18th day of July, 1928 an order was entered in the County Court of Jefferson County, Illinois, upon petition duly filed and heard, finding Wilburn Hulbert to be a dependent child, by reason of the neglect by the father and the immoral condition of the latter's home; further ordering that the boy be taken from the care, custody and control of the father, John Hulbert; that he become a ward of the court, and placed in the custody of his brother, Alva Hulbert until the further order of the court. A similar order at the same time was entered in regard to the dependency, care and custody of Helen Hulbert, who at that time was eleven years of age.

John L. Hulbert married his present wife, Gladys Hulbert, in October, 1929. She was appointed Administratrix of the Estate of Wilburn Hulbert and filed this claim as such administratrix, but later John L. Hulbert was, by a stipulation, substituted as claimant in her place.

An intervening petition has been filed by Alva L. Hulbert, Burrell M. Hulbert and Helen Hulbert, alleging that Wilburn Hulbert contributed to the family expenses of Alva L. Hulbert and Helen Hulbert and also to the family expenses of John L. Hulbert, and that inasmuch as Burrell M. Hulbert was making his home at such times as a part of the family circle of either Alva L. Hulbert or John L. Hulbert; that Wilburn Hulbert was also therefore contributing to the living expenses of his brother, Burrell M. Hulbert. The Intervening Petitioners therefore ask that consid-

eration be given to their rights and that they individually be awarded such portion of any award that may be made, as the court may deem proper.

From the testimony it appears that for a short time after the legal custody of the son and daughter were taken from John L. Hulbert, the latter and all the children lived at the home of his son, Alva L. Hulbert. Later the father and his two younger boys rented a place and lived together, Wilburn then being about sixteen years of age. In February, 1930 John L. Hulbert, having re-married, went to Wayne County where he lived for about a year, and the two boys lived in Mt. Vernon, Wilburn staying most of the time in the home of his brother Alva. From September, 1931 until July, 1933 Wilburn lived part of the time in his father's home, part of the time with his brother Alva, and part of the time he and his brother, Burrell, roomed with other parties. Some time between two weeks and a month prior to leaving for riot duties at Taylorville the two boys left their father's home and from then on either made their home with their brother Alva, or roomed with third persons.

Wilburn Hulbert was apparently an industrious young man and had been employed with the Mt. Vernon Furnace Company more or less regularly for several years. His earnings were from $13.00 to $15.00 per week. Prior to 1926 the father, John L. Hulbert, was a railroad engineer. At the time of the hearing he was employed by the CWA four days a week for eight hours a day at Forty Cents (40c) per hour. The wife, Gladys Hulbert, testified that she was employed picking chickens, but had not worked any after January 3, 1933. The deceased soldier paid board and room rent of $3.50 to $4.00 per week to his brother Alva L. Hulbert, during the time that he stayed there. This brother testified that after his father "got out of his trouble he came to my house; the boys were working, so I thought they could support my father." During the time Wilburn Hulbert lived at the home of his father it does not appear that he paid a definite stated amount for room and board, but apparently he contributed to the payment of rent, helped buy furniture on the installment plan and from time to time gave his father sums in cash. Burrell M. Hulbert testified to having contributed from $60.00 to $70.00 toward his father's support during the eight months that he lived there.

The sister, Helen Hulbert, testified that her brother Wilburn had bought most of her clothes and gave her money whenever he could spare it, and that he also bought her school books; that whenever she wanted anything to help feed and clothe herself she got it from Wilburn; that she did not pay board while living at her brother Alva's, and at the time of the accident, and for a short period prior thereto, she was working at the farm home of a Mr. Johnson for her room and board.

Burrell M. Hulbert testified that he had not been working for about two years; that his brother Wilburn was working during that time and whenever he wanted money he would get it from Wilburn; that Wilburn helped him buy clothing and that he was rooming with Wilburn for several weeks before they went to Taylorville with the militia. He also testified that Wilburn was the owner of an automobile. He also testified that during an eight month's period Wilburn contributed to his father's support, "all he made". In view of the fact that the record shows that Wilburn at all times paid his own way and bought his own clothing he could not have contributed to his father's support, everything that he earned. Andrew S. Grant, a witness called on behalf of claimant, testified that John L. Hulbert, the two younger boys and Helen lived in one of his apartments for about six weeks; that one of the boys paid the rent and the other paid the grocery bills. John L. Hulbert testified that during the last two years of Wilburn's life, the latter contributed about $438.00 per year to his support.

From all the foregoing it is apparent that while no regular contributions were made by Wilburn Hulbert to any member of his family, he did indirectly through payment of board, the buying of furniture and gifts of money and clothing, contribute to the support of his father, stepmother, two brothers and sister.

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded, or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance and the State Court of Claims shall act on and adjust the same as the merits of each case may demand."

Sec. 11, Art. XVI, Military Code.

Claimant, John L. Hulbert, asks that the total amount of such award as may be made shall be paid to him; that such award should be figured under the Workmen's Compensation Act and that such claimant should be allowed not less than $2,500.00 and any sum the court may see fit above that up to $4,000.00.

The existence of dependency and the extent of it are questions of fact. There is a distinction between the mere receiving of contributions, and claims to compensation by reason of the dependency of the parent linked with the fact of contributions by a deceased. The rule is that dependency must be based on evidence that the parent was dependent on the deceased for support at the time of the death of the deceased and that the latter had been contributing to the parent in a substantial manner. (*Yellow Cab Co.* vs. *Ind. Com.* 333 Ill. 49). Such dependency must be shown to exist at the time of the decease of the employee. Where dependency existed but terminated before the accident, it as a matter of law, does not exist. (*Wedron Silica Co.* vs. *Ind. Com.* 312 Ill. 119.) The fact that the father expected to be dependent upon the deceased in the future or that he was saving money for the time, is not sufficient to support an award, as the dependency must be at the time of the death and not a contemplated future dependency. (*Hamer-Paskins Co.* vs. *Ind. Com.* 331 Ill. 65.)

In *Bauer & Black* vs. *Ind. Com.* 322 Ill. 165, it was held that the parents were not entitled to compensation for the death of an adult daughter who had made payments not exceeding the value of board and room.

The Court of Claims is not definitely committed to observance of the Compensation Act provisions in determining what awards shall be made in cases arising under the Military Code, but has in many instances followed such Act as a reasonable guide. Under Sec. 7, Par. C, of the Workmen's Compensation Act, if an employee leaves any parent who at the time of injury was partially dependent upon the earnings of the employee, such parent shall receive such proportion of a sum equal to four times the average annual earnings of the employee as such dependency bears to total dependency, but not less than $1,000.00 and not more than $3,750.00 in any event. The record indicates an average wage

of $14.00 per week *when deceased was working*, but that he only worked a portion of each year. His annual earnings could not have apparently exceeded $728.00 per year. Four times that amount would be $2,912.00. The record does not disclose any satisfactory way in which the proportion of the amount spent by deceased on himself and what part he contributed toward the support of his father, brothers and sister can be determined. It is apparent that he spent $7.00 or $8.00 a week for lodging, board, clothes and automobile. If an average of $7.00 is taken it would leave $7.00 per week which might have been contributed to the father, brothers and sister. Four times this amount on an annual basis would be $1,456.00, being a fair proportion as contemplated under Par. C. of Sec. 7 of the Compensation Act.

If we adhered strictly to the Compensation Act there is some doubt whether an award to either of the claimants could be justified, for the deceased was living separate and apart from all, except his brother Burrell at the time of the accident in question, and is not shown to have been contributing any sum to either of claimants for several weeks prior thereto.

Under the authority granted the court, however, under the Military and Naval Code and considering the merits of the claim of each member of the family of Wilburn Hulbert, deceased, the court is of the opinion that a total award herein of $1,456.00 is legal and just, and is such as the merits of this case demand.

In the absence of any set rule by which we should determine a division of an award herein, the following order is entered: An award of One Thousand Four Hundred Fifty-six Dollars ($1,456.00) is made because of the death of Wilburn Hulbert, by reason of the estimated contributions made by him to his family's support as hereinabove set forth; said sum shall be divided into four equal portions, one of which shall be payable to each of the following in the amounts stated, and awards are made as follows:

| | |
|---|---|
| To—John L. Hulbert | $364.00 |
| Alva L. Hulbert | 364.00 |
| Burrell M. Hulbert | 364.00 |
| Helen Hulbert | 364.00 |
| Total | $1,456.00 |