(No. 28082.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL BARDELL, Plaintiff in Error.

*Opinion filed November 22, 1944.*

W. G. Anderson, (Elwyn E. Long, of counsel,) both of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and C. D. Pemberton, all of Chicago, of counsel,) for the People.

Mr. Chief Justice Fulton delivered the opinion of the court:

The plaintiff in error, Daniel Bardell, was, together with another defendant, George Wood, convicted by a jury in the criminal court of Cook county of the crime of grand larceny. Plaintiff in error was sentenced to the State Penitentiary for a term of from one to ten years with the recommendation of a minimum of five years and a maximum of ten years. The case comes to this court on writ of error sued out by Daniel Bardell, the plaintiff in error, to review the judgment of the criminal court.

The plaintiff in error, in company with George Wood, was arrested on April 14, 1942, as they were coming out of the Oak Park branch of The Hub store. They had been followed by two woman inspectors through several Oak Park stores and finally into The Hub. One of the women

detectives called the police department after the men had entered The Hub store and just as they were coming out, one of them carrying a satchel, the police arrested them, searched them and found that the satchel contained twenty shirts. These shirts contained the price tags with the name of The Hub thereon and tags showing the class of goods and the ownership of The Hub.

On the trial of the case the shirts were offered in evidence and identified as exhibits one to twenty, inclusive. Donald George Doswell, the manager of the Oak Park branch store, testified as to the ownership of each and every shirt and that they were the property of The Hub. . He identified the tags and the labels and the shirts and stated where they had been located in the store at Oak Park. The two women detectives testified to following the two men through the different stores until they arrived at The Hub. Another witness, Nell Leavitt, a buyer for the boy's department of the Oak Park store, also testified to the value of the merchandise. The jury, in its verdict, found the value of the shirts to be $30. Two officers testified that they arrested the plaintiff in error and his companion as they came out of The Hub store; that George Wood was carrying the satchel and that the plaintiff in error accompanied him. They testified to finding the shirts and inquiring from the two men as to where they acquired the property. The defendant George Wood testified that he found the shirts on the northwest corner of Chicago and Wood streets; that they were wrapped in a paper and that the paper was broken, so he picked the shirts up and placed them in his satchel; that all this was done before he met the plaintiff in error, Bardell.

Bardell denied any participation in the theft of the shirts or any knowledge that they were in the satchel carried by Wood. The officers further testified that the men attempted to bribe them and that Bardell offered to plead

guilty to disorderly conduct or petit larceny. The officers testified to other conversations with the two defendants which plainly indicated guilt.

The contention is made that the evidence does not show the plaintiff in error to be guilty beyond a reasonable doubt. However, the law has committed to the jury the determination of the credibility of the witnesses and the weight to be accorded to their testimony, and where the evidence is merely conflicting, the verdict of the jury is conclusive when founded upon credible testimony sufficient to convict. (*People* v. *Kelly*, 378 Ill. 273; *People* v. *Deal*, 361 Ill. 225.) The weight of the evidence and the credibility of the witnesses were questions for the jury to determine. On those issues the jury found against the plaintiff in error. This court will not substitute its judgment for that of the jury on questions of this kind. *People* v. *Orlando*, 380 Ill. 107.

It is further contended by the plaintiff in error that the value of the property stolen is an essential element of larceny and must be proved by competent evidence beyond a reasonable doubt. What we have said with reference to the weight of the evidence and the credibility of the testimony being questions for the jury to determine applies with equal force to the testimony concerning the value of the property. The testimony of the value in this case was supplied by the manager of the store and the buyer of the merchandise. They testified to facts which were proper for the jury to consider in fixing the value of the property.

The plaintiff in error further insists that instruction number four was erroneous. The given instruction was as follows: "If you believe from the evidence beyond a reasonable doubt that the property described in the indictment was stolen and shortly thereafter was in the exclusive possession of the defendant, such exclusive possession, if unexplained, is sufficient evidence to warrant a conviction. * * *." While all of the instructions are set forth in the

abstract, there is nothing indicating or showing who offered the instruction concerning which error is assigned, although in the brief it is stated that the plaintiff in error objected to the giving of such instruction. There is nothing in the record showing that such objection was made. In the case of *People* v. *Vickers,* 326 Ill. 290, this court stated, "We have held repeatedly that error cannot be predicated upon the giving, refusal or modification of instructions unless all the instructions be set forth in the abstract (*People* v. *Heywood,* 321 Ill. 380,) and unless the abstract show who offered the instructions concerning which error is assigned."

The plaintiff in error does not point out any error in the instruction even if it were given by the People, and no authority is cited in support of the contention that the instruction was erroneous. In any event, we do not find any reversible error in the giving of said instruction. In the review of a criminal case, it is not required that the record be perfect, but the purpose is to determine whether the defendant had a fair trial. We feel satisfied in this case that plaintiff in error has had a fair trial and that no error appears in the record which would reasonably affect the result.

A further point is made by the plaintiff in error that the court erred in fixing a minimum sentence of five years. The People concede that, under the holding of this court in *People* v. *Montana,* 380 Ill. 596, and *People* v. *Barg,* 384 Ill. 172, the sentence was erroneous in this respect.

The judgment is reversed and the cause remanded to the criminal court of Cook county solely for the purpose of entering a proper sentence.

*Reversed and remanded, with directions.*