(No. 34359.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JESSE EARL HARVEY, Plaintiff in Error.

*Opinion filed September 20, 1957.*

HEBER T. DOTSON, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, L. LOUIS KARTON, and EDWARD J. FLEMING, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Jesse Earl Harvey was indicted in the criminal court of Cook County for the crime of assault with intent to murder his daughter, Barbara Ann Rice. He pleaded not guilty. A jury found him guilty, and he was sentenced to imprisonment in the penitentiary for a term of not less than two nor more than seven years. He prosecutes this writ of error.

It is not argued that the evidence failed to establish guilt beyond a reasonable doubt, and therefore the evidence

need be stated only to the extent necessary to an understanding of defendant's principal contention. That contention is that testimony concerning an independent crime was improperly admitted.

Barbara Ann Harvey, the defendant's daughter, was 19 years old. Defendant and Barbara's mother had not lived together since 1937, and defendant had remarried. Barbara lived with her mother until she married Osborne Rice on June 19, 1956. The next day defendant ascertained that she was married. At once he sought out her husband and accompanied him to the place where the young couple were living. There he asked others present to leave, saying that he wanted to talk to Osborne Rice and Barbara alone. While Rice was in the kitchen mixing drinks, defendant drew a gun from his pocket. Barbara ran from the house and defendant pursued her, firing several shots. Defendant then hitched a ride away from the vicinity. He disposed of the gun by dropping it in a gutter some distance away.

Barbara testified that commencing in 1954 she visited the defendant at his request nearly every day; that sometimes on Thursdays and Sundays defendant's wife was present, but on most occasions he was alone; that upon the several occasions when she had discussed the subject of her marriage with defendant he objected and became upset; that he did not want her to marry and threatened to kill her if she ever got married, and that she did not tell him of her impending marriage. She also testified that when her husband went to the kitchen defendant asked about her marriage and whether she was going to continue her education; that when she replied that she wanted marriage he "reached in his pocket for the gun;" that she screamed and ran out of the front door with the defendant in pursuit and that he fired four or five shots at her as she ran. She testified that she was afraid of defendant because he had told her that he wanted her for himself, and that on June 18

she had visited defendant at his apartment and had sexual intercourse with him.

Defendant denied that he had intercourse with Barbara on June 18, 1956. He also denied that he ever threatened to kill or harm her. His explanation of the circumstances surrounding the admitted fact that he fired several shots as she fled was that when they were alone he asked her how she liked married life; that he had advised her against marrying before completing her education and inquired concerning her plans to continue her education; that she answered "maybe I'll continue;" that the day was very hot and as he reached in his pocket for a handkerchief, Barbara jumped up and ran screaming out of the door; that he became excited and followed her to the porch where, in his excitement, he fired two shots into the air, "not at her."

Defendant strenuously insists that it was error to admit his daughter's testimony with respect to an incestuous relationship with him on June 18, 1956. He points out that he was also under indictment for incest. Of course the guilt of an accused cannot be established by proving that he committed other offenses and so is an evil man and therefore more likely to have committed the crime charged. But evidence that tends to prove a fact in issue in the case is admissible even though it discloses that the defendant committed another crime. So evidence that tends to prove motive or intent, identity, knowledge, absence of mistake or accident, and the like, is admissible although it may also involve proof of a separate and distinct offense by the accused. 1 Wigmore on Evidence, 3d ed., sec. 216; McCormick on Evidence, sec. 157; *People* v. *Marose*, 10 Ill.2d 340; *People* v. *Ciucci,* 8 Ill.2d 619; *People* v. *Lehman,* 5 Ill.2d 337; *People* v. *Wilson,* 342 Ill. 358; *People* v. *Lenhardt,* 340 Ill. 538; *People* v. *Fricker,* 320 Ill. 495.

In this case the motive with which defendant fired the shots was an important issue. Proof of the abnormal rela-

tionship that existed between defendant and his daughter tended to show a motive for his conduct, and the testimony was therefore admissible. Cf. *State* v. *Gaines,* 144 Wash. 446, 258 Pac. 508.

Defendant also complains that the court erred in refusing to give the following instruction: "The court instructs the jury that an indictment charging an assault with intent to kill contains a charge of the less offense of assault." This is the only instruction included in defendant's abstract. The record shows that at least ten instructions were given, but the abstract does not show any of them. Neither the record nor the abstract shows that the instructions incorporated in the bill of exceptions comprise all the given instructions. One of the instructions given told the jury that if they believed "that the intention of the defendant was only to stop Barbara Ann Rice, then you must find the defendant not guilty of the crime charged." The theory of this instruction runs counter to the argument now advanced by the defendant, yet it does not appear whether this instruction was given at the request of the prosecution or the defense.

It has often been held that error cannot be predicated upon the instructions unless all the instructions are included in the record and made a part of the abstract. And the abstract must disclose at whose request the instructions were given. (*People* v. *Gambony,* 402 Ill. 74, 82; *People* v. *Kemp,* 396 Ill. 578, 582; *People* v. *Bardell,* 388 Ill. 482, 486; *People* v. *Petrilli,* 344 Ill. 416, 420.) Upon the record before us the ruling of the trial court upon the tendered instruction is not subject to review.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*