(No. 75-CV-81 and 75-CV-297, consolidated. )

IN RE APPLICATION OF LENA D. DANIELS.

AND

IN RE APPLICATION OF CARL P. DANIELS.

*Opinion filed October 20, 1975.*

BERTRAM D. MEYERS, Attorney for Lena D. Daniels.

CHARLES V. FALKENBERT, Attorney for Carl P. Daniels.

WILLIAM J. SCOTT, Attorney General of Illinois.

PER CURIAM.

The claims herein arise out of the death of Earl Daniels, age 13, who died on March 11, 1974, as a result of bullet wounds sustained on March 9, 1974, at 9130 South Bishop, Chicago, Illinois.

Both claims presented here were filed pursuant to the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 71, et seq.) (hereafter referred to as the "Act").

Claimant, Lena Daniels, mother of the victim, makes claim as a dependent for alleged loss of support, and Claimant, Carl P. Daniels, father of the victim, makes claim for reimbursement for hospital and funeral expenses paid by him.

Evidence was taken by the Court at a hearing conducted by Martin C. Ashman, a Commissioner of this Court.

The facts of the incident were that the victim, Earl Daniels, was attending a party given by James L. Avery at 9130 S. Bishop, Chicago, Illinois. At 11 o'clock p.m., six persons walked into the apartment. The lights went out and shots were heard. When the lights were turned on

again the victim and one other person had been shot. The victim died of the wounds inflicted two days later.

Six persons were arrested in connection with the shooting but the case against them was dismissed at a hearing in a criminal court.

As to the claim of Lena D. Daniels, mother of the victim, the sole issue presented to the court is whether the Claimant, Lena D. Daniels, was a person who was dependent on the deceased victim.

Claimant, Lena D. Daniels, testified that she had been married to Claimant, Carl Daniels, in 1956 but the marriage ended in divorce in 1970. The victim, Earl Daniels, was age 13 and was a seventh grade student with average grades. He did odd jobs around the neighborhood including cutting grass, shoveling snow, mopping floors, taking care of dogs, and raking leaves. He worked mostly for Christine Fulford and Alma Settles, both neighbors of the Claimant. He averaged about $40.00 per week during the six months prior to his death. The boy gave his mother all of the money he earned, out of which she gave him an allowance of $10.00 per week and the balance was used in common with her other funds for rent and food, and she also was able to save out of said money the sum of approximately $15.00 per week for her son, Earl Daniels. She kept no records of the income and expenses.

She testified further that she received $42.50 per week from her former husband, Claimant Carl P. Daniels, under the provisions of her Decree for Divorce. The Decree provided for $37.50 per week for child support for three children (including the deceased victim) and $5.00 per week for alimony. She also received $135.00 per month from the Illinois Department of Public Aid and she also was otherwise gainfully employed.

Lena Daniels' testimony was somewhat supported by

her witness, Christine Fulford, who testified that she lived alone in a 14 room house and she employed the victim for household tasks including cleaning the basement, washing windows, and mopping floors, and also for mowing the lawn, walking and bathing her dog, and running errands. She paid him by the job but at no set rate. He averaged $20.00 to $25.00 per week from her.

Also testifying for Lena Daniels was Alma Settles who stated that the deceased victim cut her lawn, raked leaves, and shovelled snow. He averaged about $5.00 per week for these jobs.

The victim's father, Claimant Carl Daniels, testified that the boy spent most of the summer with him and spent some weekends throughout the rest of the year with him and while with him the boy did not do any jobs for money. The victim never told his father that he was earning any money whatsoever.

The Act provides in Section 3 that:

A person is entitled to compensation under this Act if:

(a) he . . . is a person who was dependent on a deceased victim of a crime of violence for his support at the time of the death of that victim.

The Act contains no further definitions of a dependent.

Principles applicable to the factual situation presented here have been thoroughly explored by the Supreme Court of Illinois in construing the words "partially dependent" in the Illinois Workmens Compensation Act. In *Roseberry v. Industrial Commission*, 33 Ill.2d 520, 211 N.E. 2d 702, the Court said that:

A child contributes to the support of his parents within the meaning of the Act when he contributes a substantial sum to the support of the family although this sum is less than the actual cost of his support and maintenance where the child is a minor or in a position to demand legal support from his parents. . . . The test is whether the contributions were relied upon by the applicant for her means of living judging by her position in life, and whether she was to a substantial degree supported by the employee at the time of the latter's death.

The facts of the *Roseberry* case were that the deceased, a 19 year old bachelor, was irregularly employed for the year prior to his injuries and subsequent death and that for the 13 months prior to his injury his total net earning were approximately $830.00 or approximately $65.00 per month. His mother who was the Claimant earned $3,900.00 for the previous 12 months. The deceased employee would cash his pay checks and give his mother the cash and the mother would give him what he needed. She kept no records of what she gave him.

The Court in the *Roseberry* case concluded that the Industrial Commission was justified in finding a lack of partial dependency.

The rules of law enumerated are supported by a line of cases including: *Art Castle v. Industrial Commission,* 394 Ill. 62, 67 N.E. 2d 177; *General Constr. Co. vs. Industrial Commission,* 314 Ill. 58, 145 N.E.2d 90; *Bauer & Black vs. Industrial Commission,* 322 Ill. 165, 152 N.E. 590; and *General Constr. Co. v. Industrial Commission,* 314 Ill. 58, 145 N.E. 90.

Applying these rules to the present case, it is clear that the Claimant, receiving child support and alimony from a former husband, receiving public aid and also being gainfully employed, could not have relied on the odd job earnings of a 13 year old boy. Even if one would wholly disregard the testimony of the victim's father, the Court is left with the testimony of the Claimant Lena Daniels' supporting witnesses that a total of $25.00 to $30.00 per week was earned by the boy. The Claimant testified that she gave her son $10.00 per week allowance and saved $15.00 per week on his behalf. This leaves little or no money being contributed by the decedent toward his mother's support.

It is apparent in this case that the Claimant, Lena D.

Daniels, was not supported to any substantial degree by her son and therefore does not meet the test of the rules of law pertaining to dependency.

This Court therefore finds that the Claimant Lena D. Daniels was not a dependent of a victim of a crime as defined in the Act and her claim is hereby denied.

As to the claim of Claimant Carl P. Daniels, the evidence shows that he paid the following amounts as a result of the crime:

| | |
|---|---|
| Funeral | $ 980.00 |
| Grave | $ 200.00 |
| Tombstone | $ 255.25 |
| Hospital | $ 169.00 |
| Total: | $1,604.25 |

The Court finds that Earl Daniels, son of Carl P. Daniels, was the victim of a violent crime as defined in Section 2(c) of the Act, to wit: "Murder", (Ill.Rev.Stat. 1973, Chap. 38, Sec. 9-1.) Further, that the victim's death was not attributable to the victim's wrongful act or substantial provocation and the victim and his assailants were not related nor sharing the same household and that the Claimant has fully cooperated with law enforcement officials.

In determining the amount of compensation to which an applicant is entitled, Section 7(d) of the Act states that this Court:

(d) shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the Workmen's Compensation Act, or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, federal social security benefits and the net proceeds of the first ($25,000) Twenty Five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .).

Claimant Carl P. Daniels received no other benefits which qualify as deductions under this section.

Applying this section, the Claimant is entitled to $1,604.25 less $200.00 for a net of $1,404.25.

It Is Therefore Ordered that the sum of $1,404.25 be awarded Carl P. Daniels, the father of an innocent victim of a violent crime.

It Is Further Ordered that the sum of $200.00 is reasonable considering the time invested by counsel and that therefore Charles V. Falkenberg, attorney for the Claimant, Carl P. Daniels, may charge said amount to the Claimant pursuant to Section 12 of the Act.