(No. 75-CV-550—)

IN RE APPLICATION OF JACOB R. ARMSTEAD, FATHER OF CLARENCE H. ARMSTEAD.

*Opinion filed August 6, 1976.*

JACOB R. ARMSTEAD, Pro Se.

WILLIAM J. SCOTT, Attorney General of Illinois; LEONARD CAHNMANN, Assistant Attorney General.

PER CURIAM.

The claim herein arises out of the death of Clarence Armstead, 28, who died on April 9, 1974, as a result of bullet wounds sustained on that day, at 7701 South Racine, Chicago, Illinois.

This claim was filed pursuant to the provisions of the Crime Victims Compensation Act, (Ill.Rev.Stat., 1973, Ch. 70, Sec. 71, et seq.) (hereafter referred to as the "Act").

Claimant, Jacob Armstead, father of the victim, makes claim as a dependent for alleged loss of support.

The facts of the incident were that the victim, Clarence Armstead, on April 5, 1974, was accosted by an unknown man after dropping off his car at the garage at 7701 South Racine, Chicago, Illinois. The offender displayed a hand gun and demanded the victim's wallet. The victim handed over the wallet but tried to take the gun away from the offender. The offender then shot the victim and the victim expired on April 9, 1974, as a result of the gun shot wound. The Claimant, Jacob R. Armstead, claims loss of support and funeral expense. He was the father of the victim.

The Claimant, who is 62 years of age, stated that he, his wife, Gladys Armstead, age 57 years, and a 17 year old child, Myra, were dependent on the assistance of their son, Clarence H., the deceased victim. Jacob Armstead, the Claimant, has not filed an income tax return since 1971 because he has allegedly not earned enough money to so warrant. The Claimant states that the victim, Clarence H. Armstead, dropped off groceries, bought clothes and made mortgage payments for the family. There is no evidence other than the testimony of the Armstead family.

The victim, Clarence H. Armstead, was employed, at the time of his death, by the U.S. Post Office, wherein in 1973 he earned $7,678.32 net less government pension deductions. The victim was denied the status of head of household for 1973. The victim was allowed only 1 personal exemption for himself in 1973.

The Claimant incurred burial expenses in the following amounts:

Lena Taylor Bryant Funeral Home (funeral)
1134-36 West 87th Street
Chicago, Illinois $2,520.00

A. O. Norrander Co. (Marker)
11432 South Fairfield Avenue
Chicago, Illinois 227.53
 ─────────
 Total Funeral ..............................$2,747.53

The assailant in this case has neither been identified nor apprehended.

The Claimant and the victim cooperated fully with the police investigation of the shooting.

There is no evidence to indicate that the victim and his assailant were related or shared the same household.

There is no evidence indicating that the death of the victim was substantially attributable to his wrongful act or his substantial provocation of his assailant.

All documents were timely filed.

The Claimant's wife, Gladys Armstead, received $26,000.00 on a double indemnity life insurance policy #1700 G, which was issued by Federal Employees Group Life Insurance, 4 East 24th Street, New York, New York.

On direct and cross examination, the victim's father could not ascertain or give any figure for the amount of assistance he was receiving from the victim. It was learned also that the victim leased his own apartment and owned an automobile, indicating the victim had substantial expenses. The victim was one of 11 children. The other children also contributed on occasions to the Claimant's support.

At the time of the victim's death, the Claimant's wife owned the premises in which the Claimants lived.

The Claimant admits receiving money from a moving business which he owns but could not state how much. He also is a pastor in his church and receives some unascertainable benefits from this source. He operated a used clothing store at the same location but denied any

gain. He stated all records from the moving and clothing business were burned in a fire.

The Act provides in Section 3 that:

A person is entitled to compensation under this Act if:

(a) he . . . is a person who was dependent on a deceased victim of a crime of violence for his support at the time of the death of that victim.

The Act contains no further definitions of a dependent.

Principles applicable to the factual situation presented here have been thoroughly explored by the Supreme Court of Illinois in construing the words "partially dependent" in the Illinois Workmen's Compensation Act. In *Roseberry v. Industrial Commission,* 33 Ill.2d 520, 211 N.E.2d 702, the Court said that:

A child contributes to the support of his parents within the meaning of the Act when he contributes a substantial sum to the support of the family although this sum is less than the actual cost of his support and maintenance where the child is a minor or in a position to demand legal support from his parents. . . . The test is whether the contributions were relied upon by the applicant for her means of living judging by her position in life, and whether she was to a substantial degree supported by the employee at the time of the latter's death.

The facts of the *Roseberry* case were that the deceased, a 19 year old bachelor, was irregularly employed for the year prior to his injuries and subsequent death and that for the 13 months prior to his injury his total net earnings were approximately $830.00 or approximately $65.00 per month. His mother who was the Claimant earned $3,900.00 for the previous 12 months. The deceased employee would cash his pay checks and give his mother the cash and the mother would give him what he needed. She kept no records of what she gave him.

The Court in the *Roseberry* case concluded that the Industrial Commission was justified in finding a lack of partial dependency.

The rules of law enumerated are supported by a line of cases including: *Air Castle v. Industrial Commission,*

394 Ill. 62, 67 N.E.2d 177; *General Constr. Co. vs. Industrial Commission,* 314 Ill. 58, 145 N.E.2d 90; *Bauer & Black vs. Industrial Commission,* 322 Ill. 165, 152 N.E. 590; and *General Constr. Co. v. Industrial Commission,* 314 Ill. 58, 145 N.E. 90.

It is apparent in this case the degree of support that the Claimant received from the victim is not ascertainable nor substantial and therefore does not meet the test of the rules of law pertaining to dependency.

This Court while sympathizing with Claimant's loss, finds that the Claimant, Jacob R. Armstead, was not a dependent of a victim of a crime as defined in the Act and his claim is hereby denied.