ELIZABETH D. HAISELDEN *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed October 24, 1916.*

WORKMEN'S COMPENSATION—*section 24 of the act of 1913 is mandatory.* Section 24 of the Workmen's Compensation act of 1913, providing that no proceedings for compensation shall be maintained unless claim for compensation has been made within six months after the injury, etc., is mandatory, and if the evidence shows that no claim was so made, the circuit court, on writ of *certiorari,* should hold the claim to be barred.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

ALBERT N. CHARLES, for plaintiffs in error.

FRANK W. HOYT, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Elizabeth D. Haiselden and Jessie H. Rutherford were the owners of a building known as the German-American Hospital, located at 731 to 741 Diversey boulevard, Chicago. Dr. H. H. Haiselden, son of Elizabeth D. Haiselden and brother of Jessie H. Rutherford, and as their agent, employed Charles Milbrandt to do some painting and decorating on said building. While employed at said work Milbrandt received an injury on February 25, 1914, by a

sliver of wood running into his index finger while sand-papering a window sash.   On June 19, 1914, he filed with the Industrial Board of Illinois an application for adjustment of claim against the German-American Hospital, a corporation.   On October 14, 1914, after a hearing had, the committee of arbitration made a finding that the applicant was not entitled to receive and recover compensation from the said hospital, it not being his employer.   On October 24, 1914, Milbrandt filed with the Industrial Board an application for adjustment of his claim for said injury against Elizabeth D. Haiselden and Jessie H. Rutherford. An arbitration committee was appointed, and on December 17, 1914, the committee found that the said Charles Milbrandt was entitled to receive and recover from Elizabeth D. Haiselden and Jessie H. Rutherford, plaintiffs in error, the sum of $300 as compensation for said injury.   On review before the Industrial Board the award of the committee of arbitration was confirmed.   Plaintiffs in error thereafter filed their petition for *certiorari* to the circuit court of Cook county, and said writ issued, and the record before the Industrial Board was sent to the circuit court.   Thereafter, on January 3, 1916, the writ of *certiorari* was quashed by the circuit court after a finding that the Industrial Board did not exceed its jurisdiction in making its said award. On motion of plaintiffs in error the circuit court granted a certificate that the cause is one proper to be reviewed by this court, and this writ of error is prosecuted in this court to review the action of the circuit court.

It is assigned as error that the circuit court erred in sustaining the findings and judgment of said board of arbitrators and of the Industrial Board of Illinois and in quashing the writ of *certiorari,* as there was no evidence in the record showing that any claim for compensation had been made to the plaintiffs in error by the said Charles Milbrandt within six months after the accident or after any payment made to him by plaintiffs in error, as provided by section 24

of the Workmen's Compensation act of 1913. We have carefully examined the entire evidence in the record, and it clearly appears that no claim for compensation was made to plaintiffs in error by Milbrandt. Milbrandt, the claimant, testified positively that his injury occurred on February 25, 1914, and that at that time he did not know plaintiffs in error, and that he did not know that either of them had any interest in the property until after he had commenced proceedings before the board of arbitration, and that he never made any claim to them for any injuries before these proceedings were begun against plaintiffs in error. There is no evidence in the record that he was ever paid any money on account of his injuries by either one of the plaintiffs in error or by any agent for them. Dr. Haiselden, who employed him to do the work of painting and decorating, learned of his injury the next day after it occurred and cleansed the wound for him, painted it with tincture of iodine and put an antiseptic dressing on it, and also dressed it again on the morning of February 27, 1914, but never treated him after that time. No claim was made to Dr. Haiselden for his injuries and he was not paid any money by Dr. Haiselden on account of said injury. Section 24 of the Workmen's Compensation act of 1913 provides: "No proceedings for compensation under this act shall be maintained unless claim for compensation has been made within six months after the accident, or in the event that payments have been made under the provisions of this act, unless written claim for compensation has been made, within six months after such payments have ceased." (Hurd's Stat. 1916, p. 1286.)

The foregoing provision of the statute is mandatory, and the evidence in the record clearly and positively discloses that this claim was barred because not made within the time provided by the statute. The circuit court erred in not so holding, and its judgment is therefore reversed.

*Judgment reversed.*