(No. 13895.—Judgment reversed; award set aside.)

THE IDEAL FUEL COMPANY, Plaintiff in Error, vs. THE IN-
DUSTRIAL COMMISSION et al.—(JOHN FOX, Defendant
in Error.)

*Opinion filed June 22, 1921.*

1. WORKMEN'S COMPENSATION—*definition of term "accidental
injury."* The term "accidental injury" means a bodily injury by
accident.

2. SAME—*when proof does not show that injury is result of ac-
cident arising out of employment.* Evidence that a foreman had a
quarrel with a teamster in regard to his work and that a few min-
utes after the quarrel, during which there was no bodily contact,
the foreman started to fall but was caught by another employee
standing near by, is not sufficient proof that a cerebral hemorrhage
and paralytic stroke, from which the foreman sustained a perma-
nent disability, was the result of an accident arising out of the
employment.

3. SAME—*liability of employer must be based on facts proved.*
The liability of an employer under the Compensation act cannot
be based on a choice between two views equally compatible with the
evidence but must be based on facts established by evidence, and
where the cause of injury or death is equally consistent with an
accident and with no accident, compensation will be denied.

4. SAME—*statutory provision for making claim for compensa-
tion is mandatory.* The provision of section 24 of the Compen-
sation act that claim for compensation must be made within six
months after the accident is mandatory and must be complied with
to give the Industrial Commission jurisdiction.

5. SAME—*what is not a sufficient claim for compensation.* No
special form for claim of compensation is required by the statute
and the claim need not be in writing, but it must apprise the em-
ployer that the employee has sustained injuries of such a charac-
ter as to entitle him to compensation, and a letter written by the
injured employee's wife merely appealing to the kindness and gen-
erosity of the employer is not a sufficient claim, where it does not
inform the employer that the employee claims his right to com-
pensation under the statute.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

GALLAGHER, KOHLSAAT & RINAKER, for plaintiff in error.

BOWE & BOWE, and GUSTAVE NEUBERG, (AUGUSTINE J. BOWE, of counsel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

John Fox, the defendant in error, was employed for many years by plaintiff in error, the Ideal Fuel Company. February 4, 1919, his position was that of yard foreman under Dennis O'Rourke, the yard superintendent. On that day Frank Scanlan, a teamster employed by F. W. Gould, who was in the teaming business, went to the yard for a load of coal. When he had his wagon partly loaded Fox went to him and told him he was loading the wrong coal and would have to unload it. Fox testified Scanlan became angry, abused him and threatened to strike him with a "thick, strong board." Fox backed away and "picked up an anchor." Scanlan testified Fox had a "big board—a scantling," and said he would "knock my block off," and that he (Scanlan) then picked up a board. No blow was struck and no attempt made by either of the men to strike the other. A few minutes after the quarrel Fox started to fall, and a teamster who was standing near caught him and laid him down. He was taken to the office of Baker, the general manager of plaintiff in error, and sent home in a truck, where he was treated a week by Dr. Bryan and was then taken to a hospital, where Dr. Bryan continued to treat him. The doctor testified that Fox had hemorrhage of the brain and a paralytic stroke. Fox was at the hospital eleven weeks and then returned home. He has never been able to work since February 4. He filed application for adjustment of claim under the Workmen's Compensation act on September 24, 1919. The arbitrator allowed an award of $12 a week for 291 weeks and thereafter $23.33 a month for life, on the ground that he was permanently

disabled, and a further allowance was made of $164 for first aid, medical, surgical and hospital services. On review the Industrial Commission affirmed the award. A writ of *certiorari* was sued out of the circuit court and that court affirmed the decision of the commission. This court granted a writ of error to review the award.

Plaintiff in error contends there was no evidence of any accidental injury arising out of and in the course of the employment, and that no claim or demand for compensation was made within six months after the date of the alleged accident. What is an accidental injury within the meaning of the Workmen's Compensation act was fully treated in *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378. The term "accidental injury" means a bodily injury by accident, but in the great variety of cases which courts are called upon to review it is frequently difficult to make its application. (*Pekin Cooperage Co.* v. *Industrial Com.* 285 Ill. 31.) In this case it is undisputed that no blow was struck by Fox or Scanlan and there was no bodily contact. Dr. Bryan testified the paralysis of defendant in error was due to blood clot in the brain; that that condition could be produced by a "fight or fracas," but the doctor was unable to determine whether it was caused by the difficulty between the men. He testified a clot in the brain may come from a variety of causes. It may come while a man is asleep or after eating heartily. The doctor testified that where a man falls following a threat to strike him the blood clot might be due to the excitement or the fall or many different causes; that it would be impossible to determine the cause of the hemorrhage, but from what he had heard of the quarrel he would judge that was the exciting cause. It is a matter of conjecture from the evidence but he would not attempt to be positive.

We have sustained the right to compensation in several cases where there had been an actual encounter and physical violence between two employees or between an employee

and someone else; (*Marion Coal Co.* v. *Industrial Com.* 292 Ill. 463; *Pekin Cooperage Co.* v. *Industrial Board,* 277 id. 53; *Pekin Cooperage Co.* v. *Industrial Com. supra; Swift & Co.* v. *Industrial Com.* 287 Ill. 564; *Ohio Building Vault Co.* v. *Industrial Board,* 277 id. 96; *Chicago, Rock Island and Pacific Railway Co.* v. *Industrial Com.* 288 id. 126;) also where the employee was injured by poisonous gases or fumes; (*Matthiessen & Hegeler Zinc Co.* v. *Industrial Board, supra;*) and where the injury was the result of infection with anthrax bacilli; (*Chicago Rawhide Manf. Co.* v. *Industrial Com.* 291 Ill. 616;) but in those cases there was physical contact with the thing that caused the accident, which was capable of satisfactory proof. In *Baggot Co.* v. *Industrial Com.* 290 Ill. 530, while the employee was turning a windlass in raising a load of 250 or 300 pounds from the ground to the sixth floor of a building he suffered a rupture of the walls of the aorta, and the right to compensation was sustained on the ground that the proof showed the injury resulted from the employee's exertion in raising the load. It has also been held that exertion in the ordinary course of employment causing an attack of cerebral hemorrhage, (*McInnes* v. *Dunsmuir,* 1 B. W. C. C. 226,) lifting heavy weights causing cardiac dilatation, (*In re Gibbons,* 186 N. Y. Supp. 412,) paralysis caused by exertion of a traveling salesman running to catch a train while carrying a heavy load of baggage used by him in his business, (*Crosby* v. *Thorp-Hawley Co.* 206 Mich. 250,) are accidental injuries for which the employee is entitled to compensation. In all those and like cases the cause of the injury was directly traceable by the proof. In this case the only ground on which a liability can be based is that fear or excitement caused by the quarrel caused the blood clot in the brain of defendant in error. We know of no case sustaining the right to compensation on similar facts, nor do we think there is any reasonable basis for liability in a case like this. That the proof shows the fear or

excitement of the defendant in error might have caused the blood clot is not sufficient, for the proof also shows it might result from other causes or occur at any time,—even during sleep.   In *Barnabas* v. *Bersham Colliery Co.* 4 B. W. C. C. 119, it was held that where a cause of death is equally consistent with an accident and with no accident, compensation would be denied.   This court has many times held that liability cannot be based on a choice between two views equally compatible with the evidence but must be based on facts established by evidence fairly tending to prove them.   (*Peterson & Co.* v. *Industrial Board,* 281 Ill. 326.)   Because the cerebral hemorrhage of this unfortunate man occurred in a few minutes after the quarrel would not justify us in holding it was caused by the quarrel when the proof is that it can only be conjectured it was so caused.

The cerebral hemorrhage occurred February 4, 1919. Application for adjustment of the claim was filed September 24, 1919, more than six months after the alleged accident.   Section 24 of the Workmen's Compensation act provides that claim for compensation shall be made within six months after the accident, or, if payments have been made under the act, written claim shall be made within six months after such payments have ceased, provided that if the employee returns to his employment he shall not be barred from claiming compensation within eighteen months after return to such employment.   The statute is mandatory and must be complied with to give the Industrial Commission jurisdiction.   (*Haiselden* v. *Industrial Board,* 275 Ill. 114; *Bushnell* v. *Industrial Board,* 276 id. 262; *Central Car Works* v. *Industrial Com.* 290 id. 436.)   Defendant in error contends a claim or demand for compensation was made within six months.   Defendant in error never returned to his employment and no payments were ever made to him.   He testified O'Rourke, the superintendent of the plaintiff in error, called him up at the hospital and inquired how he was getting along.   The principal reliance on which

the claim that demand for compensation was made within six months is a· purported copy of a letter written by the wife of defendant in error to E. W. Baker, general manager of plaintiff in error, February 14, 1919. The letter of Mrs. Fox in substance referred to the many years her husband had been employed by plaintiff in error and the "misfortune coming to him in such an unexpected way," and the writer said she was obliged to appeal to the company for some consideration; that her husband had served the company to the best of his ability "until he fell on the job;" that he was in a hospital and any assistance would be appreciated. The letter concluded with the sentence, "Hoping that you will sympathetically and charitably consider my appeal." Defendant in error testified his wife read the letter to him before she mailed it. That letter is the basis for the claim that demand was made. It was well calculated to appeal to the kindness and generosity of the employer to ·do something for an old, faithful employee in his unfortunate and distressing condition but contains no intimation that he claimed any legal right to demand compensation. No special form for claim of compensation is required and the claim need not be in writing, but it must apprise the employer that the employee has sustained injuries of such a character as to entitle him to compensation and that such claim will be made. (*Bushnell* v. *Industrial Board, supra.*) In *Moustgaard* v. *Industrial Com.* 287 Ill. 156, it was said the claim for compensation need not be in writing but may be verbal, and is sufficient "if the employer is informed by it that the employee intends to .claim· the benefit of the act." There is nothing in the copy of the letter to inform plaintiff in error that defendant in error claimed the right to compensation under the statute, and although this case is one which appeals strongly to one's sense of humanity and kindness, courts cannot for that reason create a liability where the law has not done so or hold a demand for compensation has been made where it plainly

appears from the evidence none was made within the time required.

The judgment of the circuit court is reversed and the award set aside. *Judgment reversed; award set aside.*