(No. 2088—)

JAMES LITTLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1935.*

GEORGE E. DODD, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant filed his complaint herein on March 13th, 1933 and alleges therein that on September 7th, 1932 he was in the employ of the State of Illinois "under the Illinois Emergency Relief Commission of Springfield, Illinois"; that on said date he was unloading cinders from a State truck on South Cherry Street in the City of West Frankfort, Illinois; that while he was in the act of throwing a large clinker or cinder from such truck, his foot slipped and he fell, thereby sustaining injuries, consisting of a rupture of an old incision in his side, and tearing loose two ligaments leading from the hip to the region of the groin;—for which injuries he claims damages.

The Attorney General has moved to dismiss the case for the reason that the complaint fails to show: (1) That notice of injury was given or claim for compensation made as required by the provisions of the Workmen's Compensation Act; (2) That the respondent was in any way concerned with the cinders in question; (3) That the Illinois Emergency Relief Commission had no power to employ the claimant at or prior to the time of the injury.

It cannot be determined from the complaint whether the claimant bases his right of recovery on the Workmen's Compensation Act, or whether he seeks to recover independently of such Act. However, unless he can recover under such Act, he cannot recover at all. The mere fact that the claimant sustained personal injuries while in the employ of the State, and in the performance of his duties, which is all that the complaint alleges, does not give him a right of action against the State, in the absence of a statute making the State liable therefor.

Paragraph six (6) of Section six (6) of the Court of Claims Law provides that the court shall have jurisdiction,

"To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the "Workmen's Compensation Act," the Industrial Commission being hereby relieved of any duty relative thereto."

Consequently, if the claimant is entitled to an award in this case, it must be by virtue of the provisions of the Workmen's Compensation Act, and in order to entitle him to an award under such Act, it is incumbent upon him to bring himself within the provisions of the Act.

The making of claim for compensation within the time required by Section twenty-four (24) of the Compensation Act is a condition precedent to the right to recover under such Act. *Crabtree* vs. *State*, 7 C. C. R. 207; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262; *Hailselden* vs. *Ind. Board*, 275 Ill. 114; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386.

The complaint fails to show that notice of the accident was given or claim for compensation made within the time required by Section 24 of the Compensation Act, and consequently the same is fatally defective in that regard.

It therefore becomes unnecessary to consider the other reasons urged by the Attorney General for the dismissal of the case.

For the reasons hereinbefore set forth, the motion of the Attorney General must be sustained. Under the rules the claimant has thirty (30) days in which to file an amended complaint. Unless an amended complaint showing a right of action against the respondent is filed within thirty (30) days from the date of the entry of this order, final judgment will be entered dismissing the claim.