(No. 2183—)

FRED A. JOHNSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1935.*

TERRY, GUELTIG & POWELL, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint alleges that the claimant was during the year 1932 an employee of the State of Illinois, engaged as a maintenance patrolman on State Highways in Madison County, Illinois, and while so employed on or about the 27th day of June, 1932, while cutting weeds on the right of way of State Highway No. 159, he contracted ivy poisoning, as a result of which he was confined to the Veterans Administration Hospital at Jefferson Barracks, Missouri where he was treated for some weeks; that his health has been seriously

and permanently impaired, and as a result of said ivy poisoning, he is now totally disabled and unable to work.

He avers that for the year previous to the time of the alleged injury, his wages amounted to the sum of $1,500.00. He also avers that he was paid his full wages up to and including January 28, 1933, and since that time he has been paid nothing except $20.00 for services in breaking in new men on his work.

He also avers that he prepared and mailed to the State Highway Department at Springfield, on or about June 27, 1932, an accident report showing that his injury occurred as above stated, and gave notice of his disability as aforesaid; that he has been paid nothing on account of medical care and attendance occasioned by the said injury, but has been informed by the Division of Highways that the bill of one physician had been or would be allowed. He further states that he was a married man at the time of the injury and had five children under sixteen years of age, all residing with him, and makes claim under the Workmen's Compensation Act for the sum of $15.00 per week for each week during the continuation of his total disability, as stated in his declaration. This declaration was filed on May 27, 1933, just 11 months after he suffered from the alleged injury. There is considerable proof in the case, much of it being medical testimony, but in the view we take of this case it will be unnecessary to take into consideration this testimony, except to determine whether or not there is anything in the record tending to show that the claimant complied with Section 24 of the Workmen's Compensation Act.

Item 6 of Section 6 of the Act creating the Court of Claims makes it the duty of this court to hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the "Workmen's Compensation Act."

Section 24 of the Compensation Act in part provides

"No proceedings for compensation under the Act shall be maintained unless claim has been made within six months after the accident."

There is no question but what the State had notice of the accident, and the claimant alleges he received his full compensation of $125.00 per month from the time that he received

the injury on July 27, 1932 up to and including January 28, 1933. He, therefore, received a considerable amount more than he was entitled to under the Compensation Act. Other provisions of Section 24 of the Workmen's Compensation Act provide that:

"In any case, unless written claim for compensation is filed within one year after the date of the last payment of compensation, the right to file an application therefor shall be barred."

Nothing contained in the declaration or the proof shows that claim was made for compensation by the claimant in this case. Under the statute, no proceedings for compensation shall be maintained unless claim for compensation has been made within six months after the accident, and the employee has the burden of proof that the claim was so made. The making of a claim is jurisdictional, and, unless there is proof of claim, this court is without jurisdiction. (*Inland Rubber Co.* vs. *Industrial Commission*, 309 Ill. 43.) In other decisions of the Supreme Court of this State, it appears that the making of a claim for compensation is jurisdictional and a condition precedent to the right to maintain a proceeding under the statute; (*Ideal Fuel Co.* vs. *Industrial Commission*, 298 Ill. 463) and in other cases the court has said that the statute is mandatory, and must be complied with to give the Industrial Commission jurisdiction. This court has heretofore held that it had no more jurisdiction of a compensation case of the State of Illinois than the Industrial Commission has against private employers.

Another question which arises is the fact that the claimant received his entire wages at $125.00 per month from the time of his injury up to and including January 28, 1933 payment of compensation. That is to say, was the fact that he was paid by the State more than he was legally entitled to as compensation under the Compensation Act, such a payment as would bind the State now, and also the fact because the State had paid at least a part of his medical bills such a payment as would bind the State? To both of these questions we must answer in the negative. The statute specifically provides that the payment of doctor bills and hospital bills shall not bind the employer under the Compensation Act, and in a comparatively recent case, *Lewis* vs. *Industrial Commission, et al.*, 357 Ill., 309, the Supreme Court again reiterated its former holdings, and held that the making of a claim for

compensation within the statutory period is jurisdictional, and a condition precedent to the right to maintain a proceeding under the Compensation Act, and also further held that a claim for compensation is not made within six months as required by Section 24 of the Compensation Act, where the employee returned to work after his injury, worked for several months before he became ill of spinal meningitis, of which he died one month later, no claim for compensation being made during the six months following the injury, and payment of the employee's wages to his wife during his illness and up to the time of his death is not the payment of compensation within the meaning of the statute allowing claim to be made within six months thereafter, where such wages were paid and accepted as wages without reference to any claim for compensation; nor does the employer's promise to pay for medical services during said illness constitute an admission of liability for or the payment of compensation, where the statute at the time of the injury provided the contrary.

We, therefore, conclude that we have no jurisdiction in this case. Claim denied.