(No. 2864—

EDWARD CLIFTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 9, 1937.*

E. W. COLLORD, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On March 21, 1936, the claimant filed his petition with the clerk of this court, averring that on the 29th day of October, 1934, while in employ of the Department of Public Works and Buildings of the State of Illinois, in the State Highway Department, making repairs to certain fences along the right of way of Route No. 131 in Douglas County, he was injured by the overturning of a truck upon which he was riding, and that the truck was overturned on account of the negligence of his fellow employees and that as the result of the negligence of the State, through its agents and servants, he suffered divers injuries, consisting of a fracture of the right arm, and that the vertebrae of his neck and back were dislocated, his back being severely wrenched and his head severely injured, all of which caused him great pain and suffering.

Claimant also avers that he had been on relief up to that time, and avers that at the time of the injury, he was earning $15.00 per week, and he filed a Bill of Particulars claiming loss of earnings from October 29, 1934 to February 2, 1935, being 14 weeks at $15.00 per week, or $210.00, and also claims $1,790.00 for pain and suffering.

The Attorney General has made a motion to dismiss this claim for the reason that claimant seeks to recover on account of the alleged negligence of the respondent as at common law, and that he cannot recover under the Workman's Compensation Act for the reason that no claim for compensation was made within six months or filed within one year after the date of the alleged accidental injury.

By an enactment of the Legislature, the State of Illinois is liable under the Workmen's Compensation Act when the injuries sustained come within the employment mentioned in the Compensation Act. It has been repeatedly held by this court that the State is not liable for negligence. A private employer is not liable for negligence when his business is such that it comes under the Compensation Act. See Section 6 of the Workmen's Compensation Act of this State. In no

instance can damages be allowed under the Compensation Act for pain and suffering. We cannot treat this as a claim for compensation.

Section 24 of the Workmen's Compensation Act declares that no proceeding for compensation shall be maintained unless claim has been made within six months after the accident. This section concludes with the proviso that, in any case, unless application for compensation is filed within one year after the date of the injury or within one year after the date of the last payment of compensation, the right to file an application therefor shall be barred.

The making of a claim for compensation within the prescribed period is jurisdictional and a condition precedent to the right to maintain a proceeding under the statute. (*American Car and Foundry Co.* vs. *Industrial Com.*, 335 Ill. 322; *City of Rochelle* vs. *Industrial Com.*, 332 Ill. 386; *Inland Rubber Co.* vs. *Industrial Com.*, 309 Ill. 43; *Ideal Fuel Co.* vs. *Industrial Com.*, 298 Ill. 463; *Ohio Oil Co.* vs. *Industrial Com.*, 293 Ill. 461; *Central Car Works* vs. *Industrial Com.*, 290 Ill. 436; *Bushnell* vs. *Industrial Board*, 276 Ill. 262; *Haiselden* vs. *Industrial Board*, 275 Ill. 114.)

It does not appear that any compensation was paid, or any claim made or notice given by the claimant to the respondent, and, therefore, the motion of the Attorney General must be sustained.