(No. 3052—

WILLIAM BEHENKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1937.*

DIADUL & SAKELSON, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 25th day of July, A. D. 1936 claimant was in the employ of the respondent as a highway maintenance patrolman, and was engaged in such work as is usually incident to the maintenance of hard-surfaced highways.

On Saturday, July 25th, 1936, while in the course of his employment and while engaged in fighting a forest fire, he stumbled and fell, and thereby bruised and skinned a portion of his left leg.

First aid treatment was given and claimant returned to work on the next Monday morning and worked regularly until October 1st, 1936, when he ceased working for the respondent.

After the accident he was told to take it easy, and was assigned to the work of driving the truck, which was less arduous than the work he previously performed. He kept his leg bandaged, and after waiting a long time for authority to be treated at a State hospital, finally consulted his family physician on September 14th, 1936.

He now claims that his left leg is permanently disabled; that he has a hernia on the right side; that both such conditions resulted from the aforementioned accident; and that he is entitled to compensation for his present disability under the Workmen's Compensation Act of this State.

The respondent contests liability on several grounds, only one of which is necessary to be considered.

One of the defenses urged by the respondent is that no claim for compensation was made within the time required by Section 24 of the Workmen's Compensation Act. Such section provides, among other things, that "no proceedings for compensation under this Act shall be maintained unless claim for compensation has been made within six months after the accident."

Claimant does not contend that any claim for compensation was made prior to the filing of the complaint herein, to wit, on January 27th, 1937, being more than six months after the accident.

Our Supreme Court has held in numerous cases that a claim for compensation within the time required by the Act is jurisdictional, and is a condition precedent to the right to maintain proceedings under such Act. *City of Rochelle* vs. *Ind. Com.*, 332 Ill. 386; *Inland Rubber Co.* vs. *Ind. Com.*, 309 Ill. 43; *Bushnell* vs. *Ind. Com.*, 276 Ill. 262; *Haiselden* vs. *Ind. Board*, 275 Ill. 114.

Under the decisions of our Supreme Court above referred to, the motion of the Attorney General must be sustained.

Motion to dismiss allowed. Case dismissed.