(No. 3593— )

ANNA A. ESKER, ADMINISTRATOR OF THE ESTATE OF LAWRENCE F. ESKER, DECEASED; AND EUGENE A. ESKER, ANDREW THEODORE ESKER, EDGAR L. ESKER, MINORS, BY ANNA A. ESKER, THEIR NEXT FRIEND, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

PARKER, BAUER & PARKER, for claimants.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

This claim was filed March 6, 1941. It is for benefits under the Workmen's Compensation Act claimed for the death of claimant's husband from typhoid fever alleged to have been contracted out of and in the course of his employment.

Claimant further alleges that deceased, Lawrence F. Esker, was employed by the State of Illinois as a foreman on maintenance road work; that it was necessary for him to stay away from home some weeks while so employed, and that respondent paid the costs for his lodging and food while away from home.

Claimant further alleges that the said Lawrence F. Esker contracted typhoid fever on the 16th day of October, 1940, while away from his home in connection with his duties, by drinking water which was contaminated.

The evidence shows that the crew with whom Lawrence F. Esker worked, would be away from home during the week and return home on week ends; that during the week they would stay at hotels or private rooming houses in cities near their work; that they would obtain most of their meals in restaurants; that they would take water out with them from the city in which they were staying; also that much of their drinking water was obtained from wells, cisterns, or from farms and residences near their work.

The evidence further shows that the deceased had no running water in his home, and that the drinking water used at his home was secured from wells from nearby neighbors; that about a month subsequent to her husband's death, claimant herself and her son became ill with typhoid fever. The evidence does not show that any tests were made of any of the sources of the water supply to determine if any of them were contaminated with typhoid germs.

The applicant has the burden of proof upon every essential element of a right to compensation. The proof required is that the applicant establish every disputed question of fact

as to a right to compensation by a preponderance of the competent evidence in the record. An award cannot be based upon speculation, surmise, conjecture or upon a choice between two views equally compatible with the evidence.

*Bauer & Black* vs. *Ind. Com.*, 322 Ill. 165.
*Madison Coal Corp.* vs. *Ind. Com.*, 320 Ill. 298.

An award may not be based upon imagination, speculation or conjecture, but must be based upon facts established by a preponderance of the evidence.

*Libby, McNeill & Libby* vs. *Ind. Com.*, 326 Ill. 293.
*Paradise Coal Co.* vs. *Ind. Com.*, 324 id 420.
*Camp Spring Mills Co.* vs. *Ind. Com.*, 302 id 136.

It is a generally accepted view that typhoid fever is contracted by food or liquids taken through the mouth. The deceased may have contracted his disease by the food, milk or water which he consumed at home, in the hotels or rooming houses where he stayed while away from home, or from the water which he obtained from farmhouses and residences adjacent to his work. For this court to conclude that the typhoid fever contracted by the deceased was a result of drinking water obtained from sources of supply near the project on which he was working, would be to indulge in speculation, surmise and conjecture, and would not be based upon competent evidence before it.

Respondent's motion to dismiss is sustained, and the claim is dismissed.