(No. 3539— )

CECILE N. MULLINAX, ET AL., Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

*Dissenting opinion filed by Chief Justice Damron.*

*Modified opinion filed September 12, 1944.*

R. E. BOLEY AND SHAPIRO & LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

FISHER, J.

Claimant, Cecile N. Mullinax, is the widow of Rollie E. Mullinax, deceased, who was formerly employed by the Department of Public Welfare of the State of Illinois as an attendant at the Manteno State Hospital. During the month of August, 1939, in the course of his employment, the deceased was required to attend patients who had contracted typhoid fever. On or about August 10, 1939, the deceased became ill with typhoid fever and died on September 10, 1939, as a result of such illness. The earnings of the deceased during the year preceding his death were Nine Hundred Eighteen Dollars ($918.00). He left no children under sixteen (16) years of age at the time of his death. Claimant seeks an award in the sum of Ten Thousand Dollars ($10,000.00).

The record consists of the Complaint, Amended Complaint, Stipulation, Waiver of Statement, Brief and Argument by both Claimant and the Attorney General, Hospital Records and the Testimony of Cecile N. Mullinax and Daniel K. Hur, treating physician.

At the time of his illness, the deceased and Respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the illness and claim for compensation were made within the time provided by the law.

There is some divergence between the allegations of the complaint and the evidence herein, and many allegations of the complaint are not sustained by the evidence. However, the material and pertinent allegations—that the deceased was an employee of the respondent at the Manteno State Hospital as an attendant; that an epidemic of typhoid fever existed at the said hospital; that during the time of said epidemic and during the time of his employment the deceased contracted typhoid fever and died as a result thereof; are all fully sustained by the evidence.

It is stipulated, among other things, by claimant and respondent, that a typhoid fever epidemic existed at the Manteno State Hospital from July 10, 1939, to December 10, 1939.

The facts herein are similar to the case of *Mary Ade, Claimant,* vs. *State,* No. 3429, determined at the September, 1943, term of this Court, in which case we discussed the law at length, which controls in this case. We concluded that under such facts, a claimant is entitled to the benefits of the Workmen's Compensation Act.

We conclude from the facts herein that Rollie E. Mullinax, during the course of and out of his employment at the Manteno State Hospital, contracted typhoid fever

and died as a result thereof, and that his widow, Cecile N. Mullinax, is entitled to compensation therefor in accordance with the provisions of Section 7 (a) of the Workmen's Compensation Act.

An award is therefore entered in favor of Cecile N. Mullinax, in the sum of Three Thousand Six Hundred Seventy-two Dollars ($3,672.00), payable Two Thousand Seventy Dollars and Ninety Cents ($2,070.90) which is accrued and payable forthwith, and the balance of One Thousand Six Hundred One Dollars and Ten Cents ($1,601.10) payable in weekly installments of Eight Dollars and Eighty-five Cents ($8.85) each beginning March 17, 1944.

This award is subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''

DISSENTING OPINION BY CHIEF JUSTICE DAMRON.

I cannot agree with the majority opinion allowing an award for the death of Rollie E. Mullinax.

The claimant in this case avers that Rollie E. Mullinax died as a result of drinking polluted water which contained typhoid bacteria, furnished by the Manteno State Institution to him while an employee of the State at said institution, and that his death thereby was caused by the carelessness of the Director of the Department of Welfare and the superintendent of the institution. That both the director and the superintendent had been advised and informed that the drinking water, furnished the inmates and the employees of the institution contained typhoid bacteria and contained dangerous elements prior to the beginning of the illness of the deceased. That their failure to take such steps or precautions to

guard the health and safety of the employees and inmates of the institution was negligence, carelessness and dereliction of duty.

There is no evidence whatever supporting these allegations. No reference is made to the water being polluted in the evidence.

The question of whether or not the water at the institution was contaminated by typhoid bacilli has been litigated considerably in the case of the *People of the State of Illinois* vs. *Bowen,* 376 Ill. 317. There was no proof that typhoid bacilli was found in the drinking water of the Manteno State Hospital. There was no report of the Department of Health within seven or eight months of the outbreak of this epidemic showing that the water was polluted. There was a total failure to prove in the Bowen case that the water was polluted with typhoid bacilli; also there was a total failure to prove that there existed any defect or leak in the sewage system of the institution.

The evidence in this case shows that this claimant worked at said institution but resided in the Village of Manteno. The typhoid epidemic was not wholly confined to the Manteno State Hospital but had spread to other towns and villages in that section of the State, and this Court cannot assume that he was injured by reason of drinking polluted water furnished by the respondent when the record is devoid of such proof.

I agree with what was said in *Schwartz, et al.,* vs. *Ind. Com.,* 379 Ill. 139:

"It is not sufficient that an accidental injury was received by an employee in the course of his employment, but it must arise while he is acting within the duties of his employment or doing some act incidental thereto, and both elements must be present at the time of the injury in order to justify compensation, the burden of proof being on

the claimant to establish both elements by clear and convincing evidence."

In the case of *Anna A. Esker, Admx., et al* vs. *State*, 12 C. C. R. 344, which this Court had under consideration in the January Term, 1943, the claimant, Anna A. Esker, alleged that Lawrence Esker, deceased, contracted typhoid fever on the 16th day of October, 1940, in connection with his duties, by drinking water which was contaminated. The evidence showed that the crew with whom Esker worked had been away from home during the week and returned home on weekends; that during the week they would stay at hotels or rooming houses in cities near their work; that they would have their meals in restaurants; that they would take water out with them when they went out on the job; also that most of their water was obtained from wells, cisterns or some farms or residences near their work. The evidence did not show that any tests were made of any of the sources of the water supply to determine if any of them were contaminated with typhoid germs. An award was denied in this case and we said:

"The applicant has the burden of proof upon every essential element of a right to compensation, and the proof required is that he established every disputed question of fact as to such right, by a preponderance or greater weight of the competent evidence, and no award can be based upon speculation, surmise, conjecture or upon a choice between two views equally compatible with the evidence."

And we cited *Bauer & Black* vs. *Ind. Com.*, 322 Ill. 165; *Madison Coal Companies* vs. *Ind. Com.*, 320 Ill. 298.

We further said:

"It is a generally accepted view that typhoid fever is contracted by food or liquids taken through the mouth. The deceased may have contracted his disease by the food, milk or water which he consumed at home * * *. For this Court to conclude that the typhoid fever

contracted by the deceased was a result of drinking water obtained from sources of supply through the project on which he was working, would be to indulge in speculation, surmise and conjecture, and would not be based upon competent evidence before it."

In the case now before the court, the deceased worked at the Manteno State Hospital in the daytime, had one meal a day at the institution and lived at his home in the Village of Manteno. There seems to be no question that he died with typhoid fever, but it is just as reasonable to suppose that he contracted this disease at his home as it would be to conclude that he contracted it at the institution of the respondent.

An award of compensation, to be sustained, must be founded upon facts and inferences reasonably drawn from facts proved by the evidence and cannot be based upon guess or conjecture. Likewise, the burden is on the claimant for compensation to prove that the death of the employee was the result of an *accident arising out of and in the course of his employment*. This she has failed to do. *Fittro* vs. *Ind. Com.*, 377 Ill. 532.

The evidence in this case does not support an award.

---

(Award Modified.)

WORKMEN'S COMPENSATION ACT—*when remarriage of widow of employer extinguishes right to further compensation.* Under the provisions of Section 7, par. (a) of the Workmen's Compensation Act, upon the remarriage of a widow of a deceased employee, her right to receive compensation awarded for his death is extinguished. The decedent having left no children under the ages of sixteen years at the time of his death.

SAME—*Attorney's lien for services—awards not subject to.* Under Section 21 of the Workmen's Compensation Act no payment, claim, award or decision made under the Act shall be subject to any lien.

FISHER, J.

In an Opinion heretofore filed in this cause at the March, 1944, term of this Court, claimant was allowed

an award of Three Thousand Six Hundred Seventy-two Dollars ($3,672.00).

The matter now comes before the Court on motion of claimant, by R. E. Boley, her attorney, together with affidavit signed by claimant stating that claimant, Cecile N. Mullinax, was married on May 19, 1943, to William McComb and requesting that payments be made to Cecile N. McComb, claimant's present name.

The Court is further advised that the warrants which were issued in this case, amounting to Two Thousand One Hundred Six Dollars and Thirty Cents ($2,106.30), have never been delivered to claimant and are in possession of the State Auditor of Public Accounts.

Under Section 7, par. (a) of the Workmen's Compensation Act, claimant's right to compensation ceases on the day of her marriage, to-wit: May 19, 1943, the decedent having left no children under the age of 16 years at the time of his death.

Notice of lien for attorney fees was filed by R. E. Boley, First National Bank Building, Olney, Illinois, who represented claimant in this case.

Section 21 of the Workmen's Compensation Act states that * * * "No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages" * * * and, as stated in *Woodruff* vs. *Mutual Life Insurance Company of New York,* 223 Ill. App. 462, on page 464, "The words 'any lien' in Section 21 referred to obviously include the liens provided for by the act creating attorney's liens." Accordingly, the said claim for lien for attorney's fees must be denied.

Claimant would, therefore, be entitled to an award of One Thousand Six Hundred Ninety-nine Dollars and

Twenty Cents ($1,699.20) instead of Three Thousand Six Hundred Seventy-two Dollars ($3,672.00), being compensation for the period from September 10, 1939, to May 19, 1943, 192 weeks at $8.85 per week. The award heretofore made to the claimant at the March, 1944, term of this Court in the sum of $3,672.00 is hereby reduced to the sum of $1,699.20, all of which sum having accrued, is payable forthwith.

It is ordered that the said sum of $1,699.20 be, and is, hereby payable to Cecile N. McComb.

It is further ordered that the lien filed for attorney's fees by R. E. Boley be, and is, hereby denied.

It is further ordered that the State Auditor of Public Accounts cancel and extinguish warrants which have heretofore been issued in this cause to Cecile N. Mullinax in the sum of $2,106.30, and that the State Auditor of Public Accounts issue in lieu thereof warrants in the sum of $1,699.20 to Cecile N. McComb.