(No. 39408.—

LENA ROSEBERRY, Appellee, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN JANCO, JR., d/b/a QUAD CITY ROOFING AND SUPPLY COMPANY, Appellant.)

*Opinion filed November 19, 1965.*

Thomas O. Keefe, of East St. Louis, for appellant.

Kenneth F. Kelley, of Granite City, for appellee.

Mr. Justice Solfisburg delivered the opinion of the court:

This is an appeal from an order of the circuit court of Madison County, reversing the arbitrator and the Industrial Commission of Illinois and awarding Lena Roseberry as mother of Howard Roseberry, deceased, $2,900 for minimum partial dependency and $500 for burial expenses.

The sole issue in this case is whether the decision of the arbitrator, confirmed by the Industrial Commission, finding that the deceased left him surviving at the time of his death no person or persons entitled to compensation, as provided in section 7 of the Workmen's Compensation Act as amended, (Ill. Rev. Stat. 1959, chap. 48, par. 138.7(c),) was contrary to the manifest weight of the evidence.

It is undisputed that the deceased, Howard Roseberry, a 19-year-old bachelor, was injured while in the course of his employment on July 14, 1958. Thereafter he died on July 1, 1959, as a result of those injuries. His employer had previously paid all necessary medical, surgical and hospital expenses subsequent to the injury. The decedent had lived with his mother, a widow, from his birth to the time of his death.

The only evidence adduced throughout these proceedings consisted of the testimony of decedent's mother, Lena Roseberry. From that testimony it appears that decedent was irregularly employed for the year prior to his injuries and that for the 13 months prior to his injuries his total net earnings were approximately $830 or about $65 per month. Mrs. Roseberry's approximate gross earnings for the twelve months preceding Howard's injuries were $3,900. She owned her own home free of any mortgage and her own household goods and had a small bank account of a few hundred dollars. She testified that the decedent, Howard, would cash his pay checks and give the money to her and she would give him what he needed. She had no records of what she gave him, but she testified that Howard had owned an old automobile which he traded in on a motorcycle. He again traded in his motorcycle and at the time of his injuries was making payments on a new motorcycle. She would give him money for expenses and the decedent went to dances, shows and swimming, and needed money for gas and oil for the car and later for the motorcycle. The mother testified that she did not keep track of what she gave him, but gave him what he needed. On cross-examination she testified that because of the irregularity of his employment she could never rely on what decedent would bring home.

The arbitrator determined that there was a lack of minimum partial dependency and, therefore, there was no person entitled to compensation as provided in section 7 of the Workmen's Compensation Act as amended. The arbitrator

further found that the employer should pay to the person who incurred the burial expenses of the decedent the sum of $500 as provided in said section 7.

On review the Industrial Commission confirmed the decision of the arbitrator and ordered that said decision stand as the decision of the Industrial Commission.

On statutory review the trial court reversed the decisions of the arbitrator and the Industrial Commission as being against the manifest weight of the evidence and found that decedent's mother was partially dependent upon the earnings of the decedent for her support to such extent as to entitle her to the amount of compensation of $2,900 and further ordered the employer to pay decedent's mother $500 for burial expenses.

Both parties agree that a child contributes to the support of his parents within the meaning of the act when he contributes a substantial sum to the support of the family although this sum is less than the actual cost of this support and maintenance where the child is a minor or in a position to demand legal support from his parent. (*Air Castle, Inc.* v. *Industrial Com.* 394 Ill. 62, 67; *General Construction Co.* v. *Industrial Com.* 314 Ill. 58, 63.) It is not necessary to show that the claimant would have been without the necessities of life or that she was without other means of support. The test is whether the contributions were relied upon by the applicant for her means of living judging by her position in life, and whether she was to a substantial degree supported by the employee at the time of the latter's death. (*Bauer & Black* v. *Industrial Com.* 322 Ill. 165; *General Construction Co.* v. *Industrial Com.* 314 Ill. 58.) It is further agreed that where no account has been kept and receipted bills have not been preserved, evidence such as the testimony of decedent's mother produced at the hearing is competent and its weight and credibility are to be determined by the triers of the issue. *City of Oglesby* v. *Industrial Com.* 342 Ill. 634.

From an examination of this record we feel that the

testimony of the claimant, the mother of the decedent, clearly poses a factual question of dependency which falls within the expertise of the Industrial Commission. The earnings of decedent were minimal compared to the earnings of the mother and her testimony indicated that she neither looked to nor relied upon the earnings of her son for support or assistance consistent with her position in life.

It is our conclusion that the findings of the arbitrator and the Industrial Commission were not contrary to the manifest weight of the evidence and that the trial court erred in substituting its judgment for that of the Commission.

Therefore the judgment of the trial court must be reversed as to the finding and award for partial dependency but is affirmed as to the award for burial expenses.

*Reversed in part and affirmed in part.*