(No. 41981.—

Meehleis Steel Company, Appellant, *vs.* The Industrial Commission *et al.*—(Ella E. Kelly, Appellee.)

*Opinion filed November 26, 1969.*

CULBERTSON, J., took no part.

HEYL, ROYSTER, VOELKER & ALLEN, of Peoria, (ROBERT W. ROSSMILLER, of counsel,) for appellant.

THOMAS V. CASSIDY, of Peoria, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Larry Joseph Kelly, 18 years of age, died as the result of an industrial accident arising out of and in the course of his employment with the Meehleis Steel Company. His mother, Ella E. Kelly, filed an application for adjustment of claim with the Industrial Commission for recovery as a partial dependent under section 7(c) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1963, ch. 48, par. 138.7(c).) The arbitrator found the mother was 25% dependent upon the deceased for support and, in addition to the burial expenses, awarded her $12,500 which was the maximum then provided under that section of the Act.

The Commission confirmed the award and the circuit court of Peoria County affirmed the Commission. This appeal followed pursuant to our Rule 302.

No questions are raised on the evidentiary findings and factual conclusions made by the Commission that on the date of decedent's death the mother was partially dependent to the extent of 25% upon the yearly earnings of the decedent which were in the amount of $8,008 or that section

7(c) applies. The sole issue involves the construction of section 7(c) in so far as the computation of the award for partial dependency is concerned. The section in relevant part provided "(c) If * * * the employee leaves any parent or parents * * * who at the time of accident were partially dependent upon the earnings of the employee, then such proportion of the sum equal to 9.25 times the average annual earnings of the employee as such dependency bears to total dependency, but not less in any event than $4,400 and not more in any event than $12,500." The Commission arrived at the dependency award of $12,500 by multiplying the employee's average annual wage of $8,008 times 9.25 resulting in a figure of $74,074 and taking 25% thereof resulting in a figure of $18,518.50. Being more than the total allowable amount, the award was set at the maximum of $12,500.

The employer contends that in determining the amount of an award under section 7(c), the percentage of partial dependency found by the Industrial Commission should be applied to what would be the maximum recovery in the case. It is argued that instead of multiplying the adjusted annual wage figure ($74,074) times the percentage of dependency, the maximum recovery possible ($12,500) should be multiplied by the percentage of dependency.

While this court has not interpreted the mathematical formula described in 7(c), we have affirmed cases in which the Commission's version of the formula was used. (*Roseberry* v. *Industrial Com.*, 33 Ill.2d 520; *Air Castle, Inc.* v. *Industrial Com.*, 394 Ill. 62.) The employer claims that the formula used by the Commission bears no relationship to the amount of dependency. It is true in the instant case that if Mrs. Kelly would have been up to 99% dependent, she would not have received any additional compensation. However if the employer's formula were used, (percentage of dependency times $12,500) this would give almost no consideration to the income of decedent. Compensation for a

25% dependent parent would be the same irrespective of whether decedent earned $1500 or $15,000 annually. Section 7(c) provides a maximum for liability of an employer under these circumstances ($12,500); but, using employer's formula it would be impossible for any parent to collect the maximum because 100% dependency is covered in section 7(b) which has a different pay scale. The wording of section 7(c) is unambiguous. It is clear that the legislature intended to consider both the income of the decedent and the degree of dependency. While changing economic factors may have altered the significance of the degree of dependency in the formula, it is not within the judicial power of this court to rewrite the provision.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CULBERTSON took no part in the consideration or decision of this case.