(No. 45017.—

LOWELL DISS *et al.,* Appellants, v. THE INDUSTRIAL COMMISSION *et al.*—(Jamison Livestock Market *et al.,* Appellees.)

*Opinion filed October 2, 1972.*

HANAGAN, DOUSMAN & GIAMANCO, of Mt. Vernon (W. D. HANAGAN, of counsel), for appellants.

KEEFE & DE PAULI, of East St. Louis, for appellees.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioners, Lowell Diss and Mildred Diss, appeal from the judgment of the circuit court of Marion County confirming the decision of the Industrial Commission which held that petitioners were not dependent upon their deceased son, Larry Diss, for their support and denied their claim for compensation because of his death.

On July 1, 1969, while in the course of his employment with respondent, Jamison Livestock Market, Larry Diss was killed in an automobile accident. At the time of his death he was 20 years of age and unmarried. His parents, the petitioners, filed an application for adjustment of claim, a hearing was held and the arbitrator for the Industrial Commission, finding that petitioners had failed to prove that they were either partially or totally dependent upon Larry's earnings for their support, denied their claim for compensation and ordered that the sum of $750 be paid toward the burial expenses as provided in section 7(f) of the Workmen's Compensation Act. (Ill. Rev.Stat. 1969, ch. 48, par. 138.7(f).) On review, without hearing additional testimony, the Industrial Commission affirmed the decision of the arbitrator. On *certiorari* the

circuit court confirmed the decision of the Commission and petitioners appealed.

The testimony adduced before the arbitrator shows that petitioners' deceased son had been employed by respondent for approximately three weeks prior to his death and was earning $125 per week. For two years prior to entering respondent's employ he had worked for his brothers who operated a livestock hauling business and in that job earned $75 per week. He had lived with his parents until he started to work for respondent and for three weeks prior to his death lived in a rented mobile home.

The evidence shows that while he lived with his parents he occasionally purchased food and had bought some furniture for their home. The deceased and his parents had taken several vacation trips in his pickup truck and on these occasions had shared the expenses. The testimony shows that petitioners own some property, have fairly substantial sums of money in savings accounts and live frugally and within the income derived from rental of their property, the interest on their savings, and social security.

In prior decisions of this court we have held that a child contributes to the support of his parents within the meaning of the Workmen's Compensation Act when he contributes a substantial sum to the support of the family, and it need not be shown that without the contributions from the child the parents would have been without the necessities of life. (*Roseberry v. Industrial Com.*, 33 Ill.2d 520.) "The test is whether the contributions were relied upon by the applicant for his means of living, judging by his position in life, and whether he was to a substantial degree supported by the employee at the time of the latter's death." *Bauer & Black v. Industrial Com.*, 322 Ill. 165, 167.

We have examined the record and although the testimony shows a close family relationship between

petitioners and the deceased we are unable to say that the findings of the Industrial Commission that petitioners were not dependent upon their son are contrary to the manifest weight of the evidence (*Roseberry v. Industrial Com., 33 Ill.2d 520*), and the judgment of the circuit court of Marion County is affirmed.

*Judgment affirmed.*