PITTWOOD GRAIN COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Weldon Regnier *et al.*, Appellees).

Third District   No. 3—99—0641WC

Opinion filed April 11, 2000.

Dawn L. Wall, of Costigan & Wollrab, P.C., of Bloomington, for appellant.

Adrienne W. Albrecht, of Sacks, Albrecht, Copeland & Sacks, of Kankakee, for appellees.

JUSTICE RARICK delivered the opinion of the court:

Claimants, Weldon and Joyce Regnier, parents of the decedent, Ronald Regnier, sought death benefits pursuant to section 7(c) of the Workers' Compensation Act (Act) (820 ILCS 305/7(c) (West 1994)) claiming they were "partially dependent" on their son's earnings from his employment with Pittwood Grain Co., employer. The arbitrator concluded claimants were not "partially dependent" as defined under

the Act and denied benefits. On review, the Industrial Commission (Commission) reversed the decision of the arbitrator upon finding that claimants were partially dependent on their son's earnings to the extent of 25% under section 7(c) of the Act. The circuit court of Iroquois County confirmed the decision of the Commission. Employer appeals contending the decision of the Commission as confirmed by the circuit court is against the manifest weight of the evidence. We affirm.

On June 27, 1994, Ronald Regnier, while working for employer, sustained injuries which led to his death. Ronald did not have any children and was not married at the time of his death. He lived with his parents, claimants, in a home in Beaverville, Illinois. Ronald had lived with his parents since 1976 upon returning home from the service. Mrs. Regnier testified that Ronald had a room of his own. He did not pay rent but gave his parents $35 to $50 a week to defray expenses. He did not regularly purchase groceries for the family but bought a side of beef and a side of pork each year which supplied all of the family's meat for the year. Mrs. Regnier further testified that Ronald would pay some portion of the utility bills if they were too high for her to pay. She estimated that while her son was alive he paid at least a fourth of the household expenses. Mrs. Regnier also noted that Ronald took them out to eat once or twice a month and contributed toward their yearly vacation even though he did not go with them. Mrs. Regnier also pointed out that Ronald drove them to their doctors' appointments and helped with the lawn mowing and snow shoveling. He did not do any maintenance work around the house other than painting, but he did pay for and help install a new kitchen floor. Ronald also took his mother shopping on occasion and would buy her new clothes periodically. Since her son's death, Mrs. Regnier testified, she and her husband have been able to meet their expenses but they have had to cut back a little. She indicated they do not buy as many things, do not eat as well and do not go out to dinner as much. Her other children now have to call her instead of her calling them, and they have deferred more home maintenance. They have also been forced to hire someone to take care of the lawn mowing and snow shoveling and have not been on vacation since Ronald's death.

Prior to their son's death, Mrs. Regnier did not work and Mr. Regnier suffered from cancer. Since Ronald's death, Mr. Regnier has retired and is receiving retirement and social security benefits. Mrs. Regnier also began receiving social security benefits, thereby increasing the parents' monthly income as compared to when Ronald was alive. They have, however, gone through their savings and inheritance since Ronald's death. The arbitrator decided claimants did not receive a substantial portion of their income from Ronald during his lifetime

and therefore denied benefits. The Commission concluded claimants were partially dependent on their son to the extent of 25%, after finding Ronald's monetary and service contributions substantial enough to support their claim of partial dependency.

A child contributes to the support of his parents within the meaning of the Act when he contributes a substantial sum to the support of the family although this sum is less than the actual cost of his support and maintenance. *Diss v. Industrial Comm'n*, 52 Ill. 2d 339, 341, 288 N.E.2d 430, 431 (1972); *Roseberry v. Industrial Comm'n*, 33 Ill. 2d 520, 523, 211 N.E.2d 702, 703-04 (1965). It is not necessary to show that the claimants would have been without the necessities of life or that they were without other means of support. The test is whether the contributions were relied upon by the parents for their means of living, judging by their position in life, and whether they were to a substantial degree supported by the employee at the time of his or her death. *Diss*, 52 Ill. 2d at 341, 288 N.E.2d at 431-32; *Roseberry*, 33 Ill. 2d at 523, 211 N.E.2d at 704. In this instance, the Commission determined claimants were partially dependent on Ronald's earnings to the extent of 25% under section 7 (c) of the Act. "Partial dependency" may exist even though the evidence shows that the claimants could have subsisted without the contributions of the deceased employee. *Air Castle, Inc. v. Industrial Comm'n*, 394 Ill. 62, 68, 67 N.E.2d 177, 180 (1946); *Ritzman v. Industrial Comm'n*, 353 Ill. 34, 38, 186 N.E. 545, 546 (1933). Mrs. Regnier testified Ronald paid at least one-fourth of the household expenses when he was alive. He regularly gave his parents $35 to $50 a week to help defray expenses. He helped out with utility bills, vacation costs, grocery and clothing purchases. He also made many intangible contributions to the family, such as driving his parents to doctor appointments and taking care of the yard work. It is true that, by virtue of their retirement, the Regniers' own income has increased since their son's death. Aside from the fact that their savings have decreased and they have gone through Mrs. Regnier's inheritance from her father, the circumstances that existed at the time of their son's death are what is important. Mrs. Regnier also testified their lifestyle has deteriorated and they have had to cut corners. They have not been on vacation, they do not eat as well, they do not buy as much, they have had to defer more maintenance on the house, and they have had to hire help to take care of such chores as lawn care since their son died. Mrs. Regnier has also had to take on all driving duties for the family and she can no longer call her other children whenever she wants. They get by, but are not enjoying the same standard of living as they did when Ronald contributed both money and services to the family. The existence and extent of dependency are

questions of fact for the Commission to resolve. *Air Castle*, 394 Ill. at 67, 67 N.E.2d at 180. Though we might draw different conclusions from the evidence, we are not to disregard those permissible inferences drawn by the Commission or substitute our judgment for that of the Commission on such questions of fact unless the Commission's findings are against the manifest weight of the evidence. *Wagner Castings Co. v. Industrial Comm'n*, 241 Ill. App. 3d 584, 594-95, 609 N.E.2d 397, 405 (1993). Given the circumstances presented, we cannot say the Commission's findings are against the manifest weight of the evidence.

For the aforementioned reasons, we affirm the decision of the circuit court confirming the decision of the Commission.

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and HOLDRIDGE, JJ., concur.